**ROBERT RICHARDSON v. HENRY F. DAVIS.[1]**

March 3, 1905.

Nos. 14,197—(214).

**Use of Streets.**

Foot passengers and drivers of vehicles have equal rights on the streets of a city. Neither is required to anticipate negligence; both are bound to exercise commensurate care to avoid injury. If the negligence of a person hurt, while properly on a highway, has in any degree caused his own harm, he cannot recover damages from another person, in the proper use of such highway, who may also have contributed thereto.

[1] Reported in 102 N. W. 868.

**Negligence and Contributory Negligence.**

> Therefore, where a city laborer engaged in repairing sidewalks leaves his tool cart at an angle to and six or more inches away from the curb of a generally traveled street only thirty three feet wide at a point opposite which are wagons and teams in the same street, and, to get spikes from the cart, unnecessarily puts his foot between the cart and the curb, and who in this position is hurt by the striking of the extending push handles, or of projecting planks on the cart, by the defendant's wagon going at a walk or slow trot, the questions of negligence and contributory negligence are for the jury, under appropriate instructions by the court.

Action in the district court for St. Louis county to recover $1,596 for personal injuries. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Davis & Hollister,* for appellant.

*John Jenswold, Jr.,* for respondent.

JAGGARD, J.

This was an action for damages suffered by plaintiff on a highway. The plaintiff and respondent was in the employ of a city as a laborer repairing sidewalks. On the day he was injured he had been at work on Michigan street, a principal wholesale and a much traveled street of Duluth, thirty three feet wide between the curbstones. The plaintiff left the cart, which he was using in his work, standing about six inches or a foot from the curb, upon the paved portion of the street. This cart had a box about three feet square and twelve inches deep, which rested upon an axle, set into two wheels, three feet high, so that the wheels were within two or three inches of the box. The width of the cart, including the hub, was about four feet. At one end of the cart was a handle bar projecting some two and a half or three feet, by means of which the cart was pushed along. This cart contained a plank sixteen feet long, and some four or five other short planks, loaded over its center. It stood at a little, but undetermined, angle with the curb, so that the handle bar extended into the street in the direction in which defendant's team was coming. On the side of the street opposite to that to which the cart was nearest, there were at the time of plaintiff's injury teams standing with wagons backed up towards the

curb, so that the horses stood out into the street. Plaintiff, directed by his boss to get some spikes from the cart with which to nail down the sidewalk, put his right foot down between the curb and the wheel to reach the spikes. While he was in this position, the defendant's wagon came along on a walk or on a slow trot, struck the handle bars of the cart or came in contact with the planks with the whiffletree or hub of the wagon, knocked the plaintiff down, and did the damage of which complaint is here made.

There was testimony to the effect that the space through which the defendant's vehicle was to pass was very narrow; that there was just barely room enough for the wagon to get by, and that there was not room enough for it to go by without contact; and that at the time the cart was struck the driver touched the pole of the team on the other side. There was other testimony to the effect that another driver, to get through, was compelled to go "at an angle," and that in so doing he rubbed against another team on the side opposite the cart, and then drove so as to "straighten out into the road." The court submitted to the jury the question as to the negligence of the defendant, but, construing the charge as a whole, did not charge that plaintiff could not recover if he was guilty of contributory negligence, and refused to give properly worded requests by defendant to charge that plaintiff could not recover if he was so guilty. The jury returned a verdict for plaintiff. Defendant moved for judgment notwithstanding the verdict or for new trial. From an order denying the motion, defendant appealed.

Foot passengers and those driving wagons have equal rights on the streets of a city. Each must use this right in a reasonable manner. Both are required to exercise care commensurate with the risk involved under the circumstances of each case to avoid harm. Adolph v. Central Park, 76 N. Y. 530. The authorities on this well-settled rule will be found collected in 25 Cent. Dig. §§ 461, 462, cc. 1924–1931, and Elliott, Roads & S. (2d. Ed.) 911, § 834. And see Brooks v. Schwerin, 54 N. Y. 343; Barker v. Savage, 45 N. Y. 191. This plaintiff had a perfect right to do as he did; but he was under an equal duty in so doing to exercise reasonable care with reference to the conditions existing at the particular time and place, viz., the character of the street, its use by passing vehicles, its width, and the extent to which it was

filled by his own cart and by horses and wagons across the way. He was not required to anticipate negligence on the part of this defendant or of others, but he was bound not to be guilty of contributory negligence on his own part.

There is no reasonable basis for the claim that defendant was guilty of wanton negligence. The circumstances of the case, the attention of the driver to the situation, the manner in which he drove, including his rate of speed and the space through which he went, do not furnish any evidence of wantonness to be submitted to the jury; still less to be held, as a matter of law, to be of such a character as to exclude the defense of contributory negligence.

This case is obviously different from instances, cited by plaintiff, in which men engaged at work on the streets are required to be there in the performance of their work. Plaintiff here could have reached the spikes without going on the street at all, or he could have waited a moment until defendant's wagon had passed.

The ordinary rule as to contributory negligence applies. A party is not entitled to redress for an injury sustained in a highway, where his own carelessness or negligence has contributed in any degree, greater or less, to the injury. Brooks v. Hart, 14 N. H. 307; Coombs v. Purrington, 42 Me. 332; Schaabs v. Woodburn, 56 Mo. 173. The court erred in refusing defendant's request to charge as to contributory negligence.

Reversed and new trial ordered.