## CUTLER D. ROBINSON v. PENCE AUTOMOBILE COMPANY.[1]

### June 7, 1918.

### No. 20,901.

**Master and servant — injury to third person — scope of employment.**

Action for damages caused by collision with an automobile. There is some evidence that the automobile that caused the injury belonged to defendant and that it was driven by a man who drove it at times for defendant and at times on his own account. The evidence is not sufficient to sustain a finding that at the time of the collision he was using it in the course of defendant's employment.

Action in the district court for Hennepin county by the father of Glen W. Robinson, a minor, to recover $25,000 for injuries to the child in a collision with an automobile. The answer alleged that the injuries were caused by the careless acts and omissions of plaintiff in allowing the child "to be at the place in question unprotected and unattended, knowing that at said place motor vehicles were being suddenly operated." The case was tried before Molyneaux, J., who when plaintiff rested granted defendant's motion to dismiss. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee & Olson,* for appellant.

*Briggs, Thygeson & Everall,* for respondent.

HALLAM, J.

This action is brought to recover damages for injuries to a child caused by collision with an automobile. At the close of plaintiff's testimony, the court dismissed the case. Plaintiff appeals.

[1]Reported in 168 N. W. 10.

The child was struck by a large automobile driven by a colored chauffeur on Riverside avenue near Twenty-third street in Minneapolis on July 24, 1916. The driver of the automobile did not stop and neither his identity nor the ownership of the car was then known. Plaintiff claims, that plaintiff later ascertained, and that the evidence on the trial showed: (1) That the automobile was driven by Charles Butler; (2) that it was defendant's automobile; and (3) that Butler was using it as defendant's agent and in the course of defendant's business. The burden was upon the plaintiff to prove all these propositions.

1. Two witnesses who saw the accident undertook to identify Butler as the man who drove the automobile. Butler denied that he was the man. The evidence of identification of Butler was far from satisfactory, but we think the question of identity was one of fact for the jury.

2. The evidence of identification of the automobile is that defendant owned a large car of the same general description as the one that caused the injury and that it was Butler's business to drive this car. If Butler drove the car that struck the child, the evidence is probably such that a jury might find that the car driven by him was defendant's car.

3. Whether there was any evidence to sustain a finding that Butler was operating the automobile as defendant's agent and in the course of defendant's business, is a more difficult question. Butler was in defendant's employ. He worked on a salary and commission. His customary use of defendant's car was to take it out for hire for defendant. The evidence is clear that he did not have it out for this purpose at this time. Sometimes he was sent with the car on "errands" for defendant, and sometimes he used the car on business of his own. If he was driving the car on business of his own, defendant was concededly not liable for his acts. If Butler was driving this car, there was no direct proof as to his mission. Plaintiff's contention is that the proof shows that whenever he took the car out for defendant for hire or on his own account, an office record was kept of the transaction, but, when he took it out on "errands" for defendant, no record was kept, and that there was no office record of any use of the car by Butler that would cover the time of this accident. Plaintiff argues from this, by a process of elimination, that Butler must have been out on an "errand" for defendant.

A careful examination and consideration of the record in this case leads us to believe that a verdict for plaintiff, predicated on this theory, could not be sustained.

The evidence is that these "errands" for defendant were "around the business district" and "up to our other plant." There is nothing to sustain an inference that Butler was ever sent on "errands" into the locality where this injury occurred, which was neither "around the business district" nor in the direction of the "other plant."

This is sufficient to dispose of the case, but the evidence is at least vague in other particulars. If Butler was using the car, the only evidence that he was using it in the business of defendant is this negative testimony that there was no record on defendant's books that he was using it on business of his own. Defendant's secretary did answer yes, when asked if defendant's records would show whether Butler was given the use of the car for his own purposes on that day. There is no evidence as to what sort of record was made of such a use of the car. When asked to describe the record kept, the same witness described minutely the system of keeping a record of the use of the car when it was let for hire, and testified that the record showed a rental use of the car by Butler on the day in question, but several hours later than the hour of the accident. He was then asked if there was any other entry on that day, and he answered no. It is not at all clear that in any of this testimony he had in mind any record except the record of rental use of the car.

Taking all the testimony together, we think it is insufficient to sustain a finding that Butler was at the time of this injury using this car on any errand of the defendant.

Order affirmed.