JULIUS L. FRANSEN, AS ADMINISTRATOR OF THE ESTATE OF JOHN FRANSEN, DECEASED v. KELLOGG TOASTED CORN FLAKE COMPANY AND REX STANINGER.[1]

September 23, 1921.

No. 22,501.

**Dismissal of action error.**

The defendant Kellogg company furnished for the use of its codefendant Staninger, who was in its employ, an automobile to be used by him in advertising and selling its products. He was to drive it. The auto ran over and killed the plaintiff's intestate. It is *held* that the evidence was such as to authorize a finding by the jury that Staninger was driving the auto at the time in the business of the defendant, though there was no direct evidence to that effect, and that it was error to dismiss the action when the plaintiff rested.

Action in the district court for Ramsey county to recover $10,000 for the death of plaintiff's minor son. The answer alleged that any injury received by John Fransen arose from hazards which were open and obvious to him. The case was tried before Olin B. Lewis, J., who at the close of plaintiff's case granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Barton & Kinkead,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

[1]Reported in 184 N. W. 364.

DIBELL, J.

Action by the plaintiff, as administrator, to recover for the death of his minor son, who was run over and killed by an automobile in La Crosse, Wisconsin, on May 6, 1920. At the close of the case it was dismissed on the motion of the defendant Kellogg company. The defendant Rex Staninger answered, but did not appear at the trial. The plaintiff appeals from the order denying his motion for a new trial.

The trial court was of the view that there was not sufficient proof that Staninger was driving the car, nor that it was being driven in the business of the Kellogg company, and so dismissed the action. It is conceded that the evidence made the question whether the car which killed the boy was the car of the defendant for the jury.

Staninger was in the employ of the Kellogg company. His territory included La Crosse and two or three adjoining counties. He was advertising and taking orders for the Kellogg company products and was furnished advertising matter. He was furnished a Dodge commercial truck. It was lettered on both sides and on the back, according to the testimony of one of the company's sales managers, something like "Kellogg Toasted Corn Flake Company, Look for Signature." About 5:30 or 6 in the afternoon of May 6, 1920, a car, sufficiently identified by various witnesses as the Kellogg car, ran over and killed plaintiff's boy in one of the public streets. The police officers were notified at 6:30. They found the car parked at the hotel where Staninger was stopping. It was going in the general direction of the hotel when it ran over the boy. The officers found Staninger in his room about 6:45 washing. A drunken man was lying on the bed. The auto was not particularly examined that night, but the next day, on looking into it, advertising matter of the Kellogg company was found.

That the truck was being driven by Staninger and was being used in the company's business at the time, could have been fairly inferred by the jury. It was in business hours. The car was a business car. It was in La Crosse for Staninger's use in doing the company's business. He had charge of it. The company furnished no other car and had no other employe. No suggestion arises from the evidence that the car

was being used in other than the company's business or was being driven by an unauthorized person.

Of course the plaintiff cannot recover of the defendant, unless its auto was being used in its business at the time. Provo v. Conrad, 130 Minn. 412, 153 N. W. 753, and cases cited. But the evidence was such as to justify the jury in finding that the auto was being so used.

In some jurisdictions, and there are many late cases to that effect, it is held that proof of ownership makes a prima facie case of authorized use at the time. Other cases hold that the employment of the driver must be shown, and still others that use in the scope of the driver's employment is a fact to be proved. Notes L.R.A. 1918D, 924; 46 L.R.A.(N.S.) 1091. Babbitt, Motor Vehicles (2d ed.) § 827, et seq.; Huddy, Automobiles (5th ed.) § 673, et seq.; Berry, Automobiles, § 1047, et seq. And in passing it may be noted that it has been held, under varying circumstances, that the fact that the vehicle doing the injury was painted or lettered with the name of the defendant is evidence of ownership, or of ownership and operation, by the defendant at the time. Edgeworth v. Wood, 58 N. J. Law, 463, 33 Atl. 940; Norris v. Kohler, 41 N. Y. 42; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Bosco v. Boston Store, 195 Ill. App. 133; O'Malley v. Public Ledger Co. 257 Pa. St. 17, 101 Atl. 94.

Our cases hold that proof that an automobile is for family use justifies an inference that the use at the time is an authorized use. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A.L.R. 891. The auto which did the injury was a business auto, intended for use in the defendant's business in soliciting orders and distributing advertising matter, and was itself lettered for advertising purposes. We, need not inquire as to the prima facie effect of proof of ownership, or of proof of ownership and the employment of the driver, as proof of the owner's use at the time, for the evidence before us responds to all tests of a prima facie case.

The case of Robinson v. Pence Automobile Co. 140 Minn. 332, 168 N. W. 10, relied upon by the defendant, is not controlling. There the questions of the ownership of the auto and the identity of the driver were for the jury. Upon the evidence, not at all resembling that in the

case at bar, it was held that it could not be inferred that the driver was engaged in the defendant's business.

We refrain from stating the testimony of the officers as to what Staninger said about the accident at the hotel. It may not have been competent evidence against the Kellogg company. Without it there was a prima facie case. The inferences to be drawn from it were inferences of fact and uncertain. Clearly it did not destroy the prima facie case made without it. An argument of fact might be made that it strengthened it, or that it weakened it.

Order reversed.