## LAWRENCE PIEPHO v. M. SIGBERT-AWES COMPANY AND ANOTHER.[1]

June 9, 1922.

No. 22,612.

**Driver of car not in employ of defendant.**

1. The evidence sustains a finding that the defendant Rahart, who was driving an auto owned by the defendant company, was not in the employ of the company nor engaged in the authorized use of the car when the plaintiff was injured through his negligence.

**Burden of proof as to employment—proper to refuse to give request as to presumption.**

2. The burden of proving that Rahart was in the employ of the company and making an authorized use of the car was upon the plaintiff. There was evidence on both sides of the issue. The burden did not shift. It was not error to refuse an instruction to the effect that if Rahart was in the employ of the company when driving the auto,

[1]Reported in 188 N. W. 998.

which was owned by the company, a presumption arose that he "was operating it in the affairs of the company." The inference from ownership by the company and use by Rahart was one of fact to be drawn if at all by the jury, and the law upon the disputed evidence indulged no presumption.

Action transferred to the district court for Hennepin county to recover $10,300 for personal injuries received by a passenger in defendant's automobile. The case was tried before Nye, J., and a jury which returned a verdict for $2,800 against defendant Rahart. From an order denying his motion for judgment against defendant company notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Frank E. Clinite* and *Moonan & Moonan*, for appellant.
*Robert S. Kolliner* and *Josiah E. Brill*, for respondent.

DIBELL, J.

Action to recover for injuries received by the plaintiff when the auto in which he was riding, owned by the defendant M. Sigbert-Awes Company, a corporation, of Minneapolis, and driven by the defendant Earl Rahart, was overturned through his negligence between Faribault and Northfield. The plaintiff was a passenger at the request of Rahart and was being driven to Minneapolis. From there he intended going to North Dakota to look at lands for sale by the defendant company. The jury found a verdict against Rahart and in favor of the company.

The plaintiff appeals from the order denying his alternative motion for judgment or a new trial. The questions are:

(1) Whether Rahart was in the employ of the defendant company and in the line of his employment so that the latter is liable for his negligence; and (2) whether it was error to refuse an instruction requested by the plaintiff to the effect that if Rahart was in the employ of the company, it being the owner of the car, a presumption arose that he was using it in the affairs of the company.

1. The defendant company dealt extensively in lands in North Dakota and elsewhere. One Anderson was its agent. The company furnished him an auto, the one Rahart was driving, for use

in its business about Faribault and other places. There is evidence that the instructions were that Anderson alone was to drive it. There is evidence that Rahart used it considerably. He was working for the company to the extent at least that he obtained prospective customers and got them to the company. They paid him money from time to time. His exact relation to the company is not entirely clear. The plaintiff was a prospective customer. If he had gotten to Minneapolis without accident the company would have taken him to the North Dakota lands and have endeavored to make a sale; and if a sale were made Rahart would have profited by it. There is no direct evidence that the company had knowledge of Rahart's use of the auto. Anderson knew that he had driven it at least a few times. It can be inferred that he and Rahart worked in co-operation and that this was agreeable to the company. The evidence would justify a finding that Rahart was using the auto with the implied permission of the defendant company and in its business so that it was chargeable with his negligence. It was not conclusive. It would justify a finding that the relation between the two defendants was not such that the company was liable for Rahart's negligence. That was the finding the jury made.

2. The plaintiff requested this instruction: "If you find from the evidence that the defendant M. Sigbert-Awes Company owned the car in question, and this is conceded, and that the defendant Rahart was in its employ then * * * a presumption arises that at the time of the accident Rahart was operating it in the affairs of the company." It was refused and error is assigned.

The burden of proof was upon the plaintiff to show that Rahart was operating the car in the business of the defendant company. Robinson v. Pence Automobile Co. 140 Minn. 332, 168 N. W. 10. We do not adopt the doctrine that the burden of proof shifts from time to time in the trial. The burden is upon the one having the affirmative of the issue to convince the jury from all the evidence produced. McEleney v. Donovan, 119 Minn. 294, 138 N. W. 306; Lebens v. Wolf, 138 Minn. 435, 165 N. W. 276, L. R. A. 1918C, 868.

It was a fact proper for consideration by the jury, in determining whether Rahart was using the car in the line of his employment and

in the business of the company, that the company owned the car and that he was in its employ. The court stated something akin to this in its charge. We have recently held that from the fact of ownership, coupled with proof that the driver was in the employ of the defendant, the jury may infer that he was in the line of his employment. Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; Fransen v. Kellogg Toasted Corn Flake Co. 150 Minn. 54, 184 N. W. 364. The inference is one of fact indulged by the jury and not a presumption drawn by the law.

The plaintiff cites Langworthy v. Owens, 116 Minn. 342, 133 N. W. 866, where the court, having before it the question of responsibility for an injury which the jury might have found was caused by the negligence of the driver of a vehicle owned by the defendant, said: "There would be no presumption of fact that he was acting without authority in the premises or beyond the scope of his employment. The presumption would be to the contrary, and the case would fall within the rule that, where a person is driving a team of another in a public street, there is a reasonable presumption that he is doing so as the agent of the owner, but he may show that the contrary is the fact." A somewhat similar statement was made in an auto injury case. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745. These statements were made when the court was discussing the question of the sufficiency of the evidence to sustain a verdict. It goes without saying that statements made by the court in such connection are not necessarily proper to be given in charge. Nor is the court required to call attention to particular facts and their probative effect nor to consider whether certain inferences may be drawn from given facts. Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Kellogg v. Village of Janesville, 34 Minn. 132, 24 N. W. 359; 1 Randall, Instructions to Juries, §§ 58-60, 185. It may call attention to the facts to aid the jury, and suggest the proper claims of the parties.

We are not to be understood as saying that it would have been error or improper to give an instruction along the general line requested. Thus in Johnson v. Evans, 141 Minn. 356, 170 N. W. 220,

2 A. L. R. 891, a charge that until the contrary was shown it would be presumed that the use of a family automobile by the son was an authorized use, was held not to constitute reversible error. The court said that there was no intent to shift the burden of proof, and that the trial court was referring to an inference arising from an undisputed state of facts. Nor are we to be understood as saying that there may not be a case where proof that an auto owned by the defendant and driven by his employe is proof of authorized use such as to justify a direct charge by the court. Thus if an injury were done by an auto truck of a trading concern using the public streets in the ordinary way, the ownership being admitted and there being no proof of a use outside of the owner's business, it might be proper that the court at once invite the jury to a consideration of the fact of negligence, and charge that if the truck was negligently operated the defendant was liable for the undisputed proof might not suggest nor perhaps permit a view other than that the truck was in the proper use of the owner; and perhaps the same result would follow in the customary use of an auto for usual purposes in a public street. If so it would be because there is an unrebutted prima facie case permitting only one conclusion. There are cases substantially to that effect. Reference is had to some of them in Fransen v. Kellogg Toasted Corn Flake Co. 150 Minn. 54, 184 N. W. 364, and in the text and notes cited therein.

We have not such a case before us. Here there was evidence of probative value on each side of the issue of authorized use. What we mean is that where, as in this case, there is proof both ways on the question of employment and authorized use the court is not required to give an instruction carrying a presumption of authorized use in the line of employment as requested by the plaintiff. Again, it may be noted that a jury does not take with a ready understanding to a charge dealing with presumptions, and a prima facie case, and a shifting burden of proof, relative to the proper phraseology of which courts and text-writers do not agree and sometimes confuse themselves and others. It is sufficient if the charge puts the issues before the jury with proper rules for guidance in considering them, so that they understand what is before them, though the technical

accuracy of the terms used may be questioned. If it does this there will be no quarrel over niceties of expression or phraseology.

We have examined the errors assigned on rulings on evidence and find nothing calling for discussion.

Order affirmed.