## EMIL STANGER, ADMINISTRATOR v. GEORGE E. THOMPSON AND AMERICAN LINEN COMPANY.[1]

December 1, 1922.

No. 23,117.

**Negligence and contributory negligence for the jury.**

1. The questions whether the defendant Thompson and the plaintiff's intestate were negligent were for the jury.

[1]Reported in 190 N. W. 897.

Charge approved.

  2. The court did not err in its charge upon the contributory negligence of the plaintiff's intestate.

**Defendant company not liable unless defendant Thompson was liable—respondeat superior.**

  3. The action was dismissed as to the defendant American Linen Company on its motion at the close of the plaintiff's case upon the ground that the relation shown between the two defendants was not such as to make applicable the doctrine of respondeat superior. It continued against the defendant Thompson and the jury returned a verdict in his favor. If the company was liable it was liable on the doctrine of respondeat superior because Thompson was liable. Facts necessary to charge Thompson must have been shown before the company could be charged. The jury in finding that Thompson was not liable necessarily found facts absolving the company; and the question whether the relation between the two was such that the doctrine of respondeat superior applied is immaterial.

Action in the district court for Hennepin county to recover $7,680 for the death of plaintiff's intestate. The case was tried before Buffington, J., who when plaintiff rested granted the motion of the American Linen Company for dismissal of the action as to it and at the close of the testimony denied defendant Thompson's motion for a directed verdict, and a jury which returned a verdict in favor of defendant Thompson. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Olof L. Bruce,* for appellant.

*Snyder, Gale & Richards,* for respondents.

DIBELL, J.

The plaintiff, as administrator of his minor son, brings this action to recover for his death alleged to have been negligently caused by the defendants. When the plaintiff rested the action was dismissed as to the defendant American Linen Company. It proceeded against the defendant Thompson and resulted in a verdict in his favor. The plaintiff appeals from the order denying his motion for a new trial to which both defendants were parties.

1. Franklin avenue in Minneapolis runs east and west and Twentieth avenue intersects it at right angles going north and south. At the west Minnehaha avenue, going in a northwesterly and southeasterly direction, crosses Franklin and Twentieth avenues at the southwesterly corner of their intersection. Street car tracks traverse both Franklin and Minnehaha. The defendant was proceeding east on Franklin in his auto. He crossed the street car tracks on Minnehaha and proceeded easterly and struck the plaintiff's intestate at or shortly east of the easterly sidewalk crossing of Twentieth avenue over Franklin. Plaintiff's intestate had come from the north and was on Thompson's left. The accident happened about 6 o'clock in the evening of December 7, 1920. It was dark. The evidence is meager. Thompson says he did not see the boy until he was struck and that he was then east of the sidewalk crossing. The evidence as to his speed is in conflict. We have examined the evidence carefully. A recital in detail of the claims of the parties will not profit. The evidence is such as to sustain a finding that Thompson was negligent and such as to sustain a finding that he was not. It is such as to sustain a finding that plaintiff's intestate was contributorily negligent, or that he was not. Both questions were for the jury and the law does not pronounce Thompson negligent or the boy free of negligence.

2. The plaintiff's intestate was a bright, active boy, 9 years old. The trial court carefully charged upon the rules determining the question of his contributory negligence. In the course of the charge it said this:

"The fact that he may not have the mature judgment of an adult will not exclude a child from exercising the degree of judgment and discretion, which he possesses, or for disregarding the warnings and orders of his seniors, and heedlessly rushing into known dangers."

The portion just quoted is a part of a longer extract read by the court from 2 Dunnell, Minn. Dig. § 7029, and it paraphrases the holdings of this court. It correctly states the law in the abstract. The plaintiff objects to the portion referring to "disregarding the warnings and orders of his seniors and heedlessly rushing into known

danger." No objection was made at the trial. Statements of the law found in reported decisions or in texts are not always good for juries and sometimes they are misleading. See Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998. It was in evidence that several years before the boy was injured by an auto at this or some other crossing, and that he had been warned by his father to be careful. This is perhaps not a sufficient basis to warrant a specific reference to disregarding the warnings and orders of seniors. But, taking as a whole the very fair charge of the court relative to the negligence of the boy, the portion quoted was not misleading. It did not strike plaintiff's counsel at the time as so, and at the most it was but an inadvertent statement to which attention should have been called. In no event does it require a new trial.

3. At the close of the plaintiff's testimony the court on the motion of the defendant linen company dismissed the action as to it. Thompson was in the employ of the company. He kept a family auto. He had an arrangement whereby he used his auto in his work for the company, his work being that of a solicitor or salesman, and the company furnished oil and tires used when in the service of the company or for his own purposes. He was returning from the company's place of business to his home at the close of his day's work when he ran over the child. The theory of the company's motion was that he was not then in its employ so as to make applicable the doctrine of respondeat, and it was upon this theory that the court dismissed the action.

The defendant linen company was liable, if at all, upon the doctrine of respondeat superior. If Thompson was not liable it was not liable. The finding of the jury absolved Thompson from liability. To charge the linen company facts necessary to charge Thompson must be found; and the jury found that such facts did not exist. The necessary effect of the verdict is that neither defendant is liable. It is therefore immaterial whether the relation between Thompson and the linen company was such that it was liable for Thompson's negligence upon the doctrine of respondeat superior and we make no unnecessary inquiry whether the jury could have so found. From this proposition of law the writer dissents. His view, while

conceding that facts sufficient to charge Thompson must be shown before the company can be charged, is that upon the appeal from the order the question whether the relation between them was such as to make applicable the doctrine of respondeat superior is for consideration. He concurs in the affirmance.

Order affirmed.