## JOHN E. ROACH v. JOHN ROTH.[1]

June 15, 1923.

No. 23,381.

**Question for jury whether defendant's violation of the law of the road was the proximate cause of the injury.**

1. The evidence sustains a finding of the jury that the plaintiff, who was injured in a collision with an auto truck of the defendant, was contributorily negligent. The defendant violated the law of the road by cutting the center point of a street intersection. The court properly charged that he was at fault and properly submitted the question whether his fault was the proximate cause of the injury to the jury.

**When charge as to negligence of plaintiff is error.**

2. A charge to the effect that the plaintiff cannot recover if he is "negligent in any degree whatsoever," though accurate enough as an abstract statement of the law, has a tendency to confuse and mislead a jury by the emphasis it places upon the presence of the negligence of the plaintiff and its effect upon the final result; and such a charge, unless the occasion is exceptional so that there are circumstances calling for it, is erroneous, following Craig v. Benedictine Sisters, 88 Minn. 535.

**When charge that plaintiff could not recover if he was negligent is not error.**

3. When a jury, after deliberating some time on a negligence case in which the law of comparative negligence has no place, returns for

[1]Reported in 194 N. W. 322.

further instructions, having a confused notion in its mind as to the application of the rule of comparative negligence, and asks whether it may arrive at a verdict for any amount if it finds that the defendant "was to blame for 75 per cent" and that the plaintiff was to blame "for 25," a further charge that the plaintiff cannot recover if he "was negligent in any degree whatsoever," such charge being fair in tone and further stating that he could not recover if he was "guilty of contributory negligence," and that he could not recover "if the collision was caused by the combined negligence" of both, is not error.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The case was tried before Sanborn, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, John E. Roach appealed. Affirmed.

*Ryan & Murphy* and *John A. Burns*, for appellant.

*Ernest E. Watson*, for respondent.

DIBELL, J.

Action to recover for personal injuries. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The plaintiff was driving a Ford easterly on the southerly side of Summit avenue approaching Lexington avenue in St. Paul. The defendant was driving a 5-ton Packard truck westerly on the northerly side of Summit, approaching Lexington. He intended going south on Lexington. Some distance easterly of the avenue he commenced turning to his left towards Lexington cutting the center point of intersection. The collision occurred close to the easterly and southerly intersection of Summit and Lexington. The court charged the jury as a matter of law that the defendant was at fault, that he violated the law of the road in cutting the intersection, and was liable for the proximate result of his violation of the statute, unless the negligence of the plaintiff proximately contributed to his injury. Both parties moved for a directed verdict. Each

motion was denied and the case went to the jury with the result stated.

1. On this appeal the plaintiff claims that, as a matter of law, he was free from negligence. An examination of the evidence leads to the conclusion that the question whether the plaintiff was negligent was for the jury. The testimony differs as to the speed at which he was driving his car. He says 11 or 12 miles an hour. There was evidence of 20 or 25 miles an hour. There was evidence that he did not keep a good lookout as he approached Lexington and the jury could find that he was not ordinarily watchful and careful as he approached the avenue and was therefore negligent, and that his negligence contributed as a cause of his injury. A finding that he was negligent, and that his negligence contributed to his injury, is satisfactorily sustained. The charge that the defendant was at fault, as a matter of law, was correct. He was cutting the center of the intersection in violation of the statute. G. S. 1913, § 2634. Whether his fault contributed proximately to the injury was a question for the jury, and was correctly submitted. See Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992.

2. No objection was made at the time or is now urged to the general charge. Objection is made, and was assigned as error on the motion for a new trial, to a portion of the charge given when the jury, after being out for some time, returned for further instructions. Some of the jurors questioned whether the law of comparative negligence applied. They explained their trouble in this way:

Juror: "There is some question regarding placing the blame equally or partially on both plaintiff and defendant. If we come to award a verdict in any sum of money in favor of the plaintiff, for instance, if we feel that Roth was to blame for 75 per cent and Roach for 25, can we arrive at any amount?"

The court: "If you find that Roach was negligent in any degree whatsoever, then your verdict would have to be for the defendant. There is no such doctrine as comparative negligence in this state and if a man contributes even in the slightest degree to his own injury, he cannot recover any thing, even though the other party may have been guilty of negligence also. So that if you find in this

case Roach was guilty of contributory negligence and that his negligence either caused or contributed in the slightest degree to the injuries received, your verdict would be for the defendant."

Juror: "No damages for the machine?"

The court: "No damages. Any man that is guilty of contributory negligence cannot recover if that negligence directly contributed to the injuries he received. I have covered that in my charge. If the collision was caused by the combined negligence of Roach and Roth your verdict must be for the defendant regardless of the negligence of each."

On the motion for a new trial the plaintiff specified as error the following part of the charge:

"If you find that Roach was negligent in any degree whatsoever, then your verdict would have to be for the defendant."

The general charge correctly stated the law of contributory negligence and no criticism is made of it. Objection is to the portion just quoted of the supplementary charge. In the consideration of the objection, this part must not be disassociated from the rest of the charge, and the circumstances under which it was given must not be overlooked.

In a case such as this there are no degrees of contributory negligence or of negligence of the defendant, and no comparison of the negligence of the plaintiff and of the defendant is permissible in determining liability. If the plaintiff is negligent and his negligence contributes to the injury he cannot recover. The degree of his negligence is not a factor in the case, nor is the character of his negligence to be compared with that of the defendant. The objection to a charge which uses such a phrase as "in any degree whatsoever" is that it tends to emphasize the presence of negligence in the plaintiff and its effect upon the final result. In the abstract the statement is correct. Since there is no particular degree of negligence, any degree on the part of the plaintiff prevents a recovery. We view a charge, however, in a practical way, and to some extent from the standpoint of a juror's understanding of it, for the jury applies it. We have had occasion to remark before that the lan-

guage of an opinion or text, though accurate, may not be appropriate in a charge to the jury. Piepho v. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; Stanger v. Thompson, 153 Minn. 490, 491, 190 N. W. 897. The auditors are not the same. Want of ordinary care is the test of contributory negligence as of negligence. A charge which refers to negligence "in any degree whatsoever" is objectionable, and more so when it refers to negligence in the slightest degree, because it tends to mislead or to confuse the jury, and unless the occasion is exceptional is error. Such a charge would not be made with reference to the negligence of a defendant, yet the test of both, the absence of ordinary care, is the same. In Craig v. Benedictine Sisters Hospital Assn. 88 Minn. 535, 93 N. W. 669, the charge was as follows [see page 539]:

"If Leslie J. Craig [deceased] was negligent in any degree—even the slightest degree—and his negligence contributed in the slightest degree to his death, then the plaintiff cannot recover, and you must return a verdict for the defendant."

This was held error. The court said [at page 540]:

"The rule of care necessary to be exercised to excuse one from a charge of contributory negligence is the same as that necessary to charge one with negligence. It is such care as a person of ordinary prudence would exercise under the same or similar circumstances, and this rule should have been applied to plaintiff's intestate."

It is difficult to draw a practical distinction between the quoted phrase, taking it alone, of the charge here and that in the Craig case; and if the charge before us had been given in the general charge, with no circumstances calling for it, or illustrating or explaining it, it would be erroneous within the Craig case from which we do not depart. It would tend to confuse or mislead the jury by the emphasis directed to the plaintiff's negligence.

3. Here the jury was in confusion when it sought the court's assistance. It was misled by the inapplicable doctrine of comparative negligence. It was thinking of the defendant as "to blame for 75 per cent," and the plaintiff to blame "for 25," and was wondering if there could still be a verdict for some amount. In such sit-

uation its inquiry was what it could do. The charge of the court came in direct answer to this question. The court said that if the plaintiff was negligent in any degree whatsoever the verdict must be for the defendant. This was an accurate statement of the law. In the particular connection in which it was given it was not misleading or confusing. It relieved the jury of its confusion and led it to a correct understanding of the law. It was the trial court's duty to give the jury help. If it had contented itself with an answer in the negative there would have been no error. That answer would have been curt treatment of the jury. The jury needed some emphasis upon the effect of contributory negligence and received helpful explanation. The court gave the needed assistance without undue emphasis. The charge was not unfair in tone. Of only the one portion of the supplemental charge is there criticism. In two or three other portions, referring to the plaintiff's negligence, there then was no phrase referring to the degree, and it closed with a statement that if the combined negligence of the two caused the injury there could be no recovery. The original charge did not use such phrase. The charge in a fair way relieved the jury of the confusion in which it was wandering in its effort to measure the degrees of fault of each. Under such circumstances it cannot be held that there was error.

It may be noted that in the case at bar as in the Craig case the court used the term, "in the slightest degree," when referring to the contribution of the plaintiff's negligence to his injury. No objection was taken at the time nor specification of error made on the motion for a new trial. There is nothing for review. It is not amiss, however, to suggest that perhaps the jury may be misled by such phrases coupled with a statement of the necessity of a causal connection between the plaintiff's negligence and the jury. There are cases which suggest the propriety of the use of such phrases. Thus, in Corbin v. Winona & St. Peter R. Co. 64 Minn. 185, 189, 66 N. W. 271, 273, the words of this court were "contribute, proximately, in any degree." In Richardson v. Davis, 94 Minn. 315, 318, 102 N. W. 868, the words were, "where his own carelessness or negligence has contributed in any degree, greater or less." And in Steele v. Red

River Lumber Co. 110 Minn. 219, 228, 124 N. W. 978, 981, it was said that the true rule was that a recovery was barred "if his [plaintiff's] negligence proximately contributed to the result in any degree." It is difficult to see how such phrases used in connection with cause and effect, though in themselves correct enough, may not mislead the jury by undue emphasis, just as a similar phrase used in connection with the plaintiff's negligence was held to mislead in the Craig case. The cases cited may seem to support such an instruction. It is true, however, as noted before, that the language of an opinion may not be appropriate language of a charge.

Objection is made to the failure of the court to charge relative to the right of way and its lack of observance by the defendant. The court directly charged the jury that the defendant was at fault and that if his fault was the proximate cause of the injury, plaintiff not contributing to it, there should be a verdict for the plaintiff. This peremptory instruction obviated the need as well as propriety of such a charge.

Order affirmed.