# JOHN C. SHOTTS v. STANDARD OIL COMPANY OF INDIANA AND ANOTHER.[1]

October 24, 1930.

No. 27,879.

[1]Reported in 232 N. W. 712.

*G. A. E. Finlayson,* for appellants.
*Ryan & Scanlon* and *Lewis, Hunt & Palmer,* for respondent.

STONE, J.

Action for personal injuries wherein plaintiff had a verdict, and defendants appeal from an order denying their motion for judgment notwithstanding or a new trial.

Arthur Charles Shotts, a minor, is the real party in interest and will be referred to as the plaintiff although the suit was instituted by his father as natural guardian. The injuries were caused by an automobile driven by defendant Sailstead, an employe of his codefendant, Standard Oil Company of Indiana. The one serious question is whether the evidence justified the jury in finding that Sailstead was at the time in the course of his employment. For the Standard company it is argued that he was a mere advertising clerk. The evidence could well be taken to indicate that he came nearer being an advertising manager. He was engaged principally in the main office of his employer at Duluth, but his duties required more or less travel to points in the Duluth territory where his codefendant maintained filling stations, of which there were many.

The accident occurred January 5, 1927, at about 12:40 p. m. The car was an old Ford owned by the Standard company. About two months previously it had been remodeled and refinished so as to make it as much of a vehicle for advertising as for transportation. It was a two-passenger car, and there had been placed just back of the driver's seat an enlarged replica of the container in which the Standard company was then selling a new cylinder oil called Iso Vis. The whole vehicle was painted the brilliant vermillion which characterizes the outdoor advertising of the Standard companies. Painted

on the "dummy" can in large letters were the words: "Iso Vis— The Constant Viscosity Oil." In its remodeled condition the car had been in use about two months.

Sailstead, when not engaged elsewhere, observed the usual office hours at the Duluth office of his employer. He had an hour beginning at noon for luncheon and any other purpose personal to himself. That was "his own time." On the day of the accident, he had gotten the car sometime during the forenoon and parked it in front of the office. At noon, after a hasty lunch at a near-by restaurant with a fellow employe and with the latter as his guest, he went for what he insists was a mere pleasure drive, an excursion for purely personal purposes on the streets of Duluth. It was on that drive that plaintiff was injured, under circumstances which will be considered later.

From the time the car was remodeled it had been mostly in the charge, so far as use goes, of Sailstead. We need not again discuss the tests for determining whether in a given case an employe may be considered in the course of his master's business. They have been gone into exhaustively in Fransen v. Kellogg T. C. F. Co. 150 Minn. 54, 184 N. W. 364; Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; Piepho v. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; and Elliason v. Western C. & C. Co. 162 Minn. 213, 202 N. W. 485.

The testimonial assertion of Sailstead that he was using the car solely for his own purposes was not binding on the jury. That he had openly parked the car in front of the office sometime during the forenoon and openly took it from there when he started on his drive has a tendency to discredit his suggestions that he was at the time attempting to conceal his use of the car from those in authority over him and that in fact it had been ordered withdrawn from use. Neither is the testimony conclusive that as an advertising medium the machine had no further practical use or value. It still carried to any observer its message of the virtues claimed for the new lubricant sold by defendant Standard Oil Company. In that situation and under the principles applied in the cases above cited, we

are not at liberty to say as matter of law that the jury were wrong in finding that Sailstead was at the determinative moment in the course of his employment by his codefendant.

■ Sailstead was driving westerly on Fourth street in Duluth, astride the north rail of double street car tracks. As he approached the intersection at Fifteenth avenue east, an eastbound street car stopped to unload passengers, some of whom passed around the rear of the street car to cross to the north side of Fourth street. Plaintiff, going south, had stopped a step or so from the curb and on the pavement. There is testimony tending to show that he was standing still, waiting for Sailstead to stop or pass in front of him; that the latter suddenly turned his car sharply to the right, in order to avoid collision with one or more passengers coming from the street car, and in doing so ran down plaintiff.

With such evidence in the case, it is useless to deny the presence of a fact issue. If the jury considered that ordinary prudence required Sailstead to stop until the pedestrians were out of danger, their judgment is not open to criticism. It is too well known that prudent drivers pass the rear of a street car which has stopped to discharge passengers with extreme care to avoid collision with any passing around the rear of the car. If the situation is further complicated by one or more pedestrians waiting to cross from the other direction, as frequently it is, the factual requirements of care on the part of the driver are increased in proportion. Due care is that which is commensurate with the danger. In this case the issue was plainly for the jury.

■ Error is next assigned because of an instruction that plaintiff, a nine-year old boy, "was not required to exercise the same degree of care as would be required of an adult person." Whatever objection there might have been to that statement standing alone was removed by its immediate context, which was this:

"But [you are instructed] that he is required to exercise only that degree of care which an ordinarily careful, prudent child of his age and experience would exercise under the same or similar circumstances."

That is a correct statement of the law. Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Benedict v. M. & St. L. R. Co. 86 Minn. 224, 90 N. W. 360, 1133, 57 L. R. A. 639, 91 A. S. R. 345; 45 C. J. 999; 20 R. C. L. p. 124, § 105. The latter and affirmative phase of the proposition was enough to give to the jury, but the negative and purely introductory statement was not error.

■ Plaintiff had a verdict for $16,800. Our examination of the record, aided by the argument, leads us to the conclusion that the amount of the verdict does not indicate passion and prejudice or any ground for a conditional reduction. Without detailing the nature and extent of plaintiff's injuries as testified to by his medical experts, it is sufficient to say that the jury could have concluded that he had suffered a severe and permanent injury to the brain, one which has already interfered seriously with the functioning of that organ and resulted in mental impairment, serious and permanent in nature. We cannot say that the jury allowed too much, the very serious character and enduring effect of his injuries considered.

Order affirmed.

WILSON, C. J. took no part.