FREE PRESS COMPANY v. JOSEPH A. BELLIG.[1]

April 24, 1931.

No. 28,411.

[1]Reported in 236 N. W. 306.

*L. H. Morse* and *Josiah A. Baker,* for appellant.
*Somsen, Dempsey & Flor,* for respondent.

DIBELL, J.

Action by the plaintiff to recover damages in the sum of $1,000 for an injury to its truck in a collision with the auto of the defendant. The defendant counterclaimed asking damages in the sum of $706, apportioned $506 to his personal injury and medical treatment and $200 to damages to his auto. There was a verdict for the defendant for $205. The plaintiff appeals from the order denying its motion for a new trial.

On June 10, 1930, the defendant was driving his auto easterly on Nicollet avenue in North Mankato approaching Cross street. The plaintiff's truck was being driven southerly on Cross street approaching Nicollet avenue. A collision occurred in which the auto and truck were damaged and the defendant slightly injured. The defendant had the right of way. 1 Mason, 1927, § 2720-18; 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 4164a. There was evidence that he was going 10 to 15 miles per hour. There was evidence that the truck was going 25 to 30 miles per hour. The evidence would sustain a finding either way as to which reached the intersection first. There was evidence that the plaintiff swerved to the left and then to the right and that the point of contact was between the rear part of the truck and the front of the auto. The defendant looked as he approached Cross street. A hedge at the northwesterly corner of the intersection obstructed the view. A pedestrian

was crossing Nicollet avenue on the easterly side of Cross street and required some attention. There is testimony that the driver of the truck immediately upon the collision said: "I saw you all right, but I thought by speeding up I could get past you." The evidence sustains the finding that the defendant was not negligent and that the plaintiff was. No further review of the facts is required.

■ The plaintiff makes the claim that the driver of its truck had departed from its employ in going to dinner and was without the scope of his employment, citing Provo v. Conrad, 130 Minn. 412, 153 N. W. 753. Our rule is that proof of ownership makes a prima facie case of authorized use. Fransen v. Kellogg T. C. F. Co. 150 Minn. 54, 184 N. W. 364; Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; Ahlberg v. Griggs, 158 Minn. 11, 196 N. W. 652; Fostrom v. Grossman, 161 Minn. 440, 201 N. W. 929; Elliason v. Western C. & C. Co. 162 Minn. 213, 202 N. W. 485. The collision occurred about 12:30 in the afternoon. It was customary for the driver to make deliveries at places of business and at trains, commencing at 11:30 in the morning. Usually it took until one o'clock, and then the driver went home for dinner in the truck and went back to his work when through. He was within the scope of his employment.

Order affirmed.