RAY LINK v. REMIGIUS LEICHTNAM AND OTHERS.
ZENO GEBHART, APPELLANT.

90 N. W. (2d) 518.

May 16, 1958—No. 37,269.

*Carroll, Thorson, Anderson & Cronan,* for appellant.
*Joseph A. Streiff,* for respondent Gambill.
*F. J. O'Brien,* for respondent Link.

MATSON, JUSTICE.

Appeal in an automobile collision case from the whole of an order denying defendant appellant's motion for judgment notwithstanding the

verdict or for a new trial.

This action arises out of an automobile collision which occurred at approximately 11 a. m. on January 10, 1954, on U. S. Highway No. 63 four miles south of Rochester, Minnesota. An automobile driven by defendant Zeno Gebhart, hereinafter referred to as appellant, collided with a vehicle driven by defendant Remigius Leichtnam. Plaintiff was a front-seat passenger in appellant's car. Appellant's wife and plaintiff's wife and daughter occupied the back seat.

In passing on the sole issue of whether the evidence sustains the verdict, we take, as we must, the view of the evidence most favorable to the verdict. In so doing we have these facts. U. S. Highway No. 63, an arterial highway running generally north and south, at the collision situs is level and subject only to a slight curve which does not obscure the vision of drivers approaching from either direction. The 20-foot-wide tarvia roadbed is flanked on each side by a comparatively level shoulder 10 feet wide. Approximately 200 feet south of the collision point, Highway No. 63 is joined from the east at right angles by Simpson Road which forms a T-intersection with a fan-shaped entrance.

On the morning of the accident appellant—with plaintiff seated beside him—was driving his Hudson automobile north on Highway No. 63 toward Rochester at a speed of 45 to 50 miles per hour. Visibility was good and the roadway was dry and free from ice and snow. To the north proceeding southward at various distances and speeds were three cars. The first was a Plymouth operated by defendant Dr. Carl Gambill, traveling between 25 and 30 miles per hour. Defendant Gambill's automobile entered upon Highway No. 63 at a point approximately 1038 feet north of the Simpson Road intersection and when his vehicle, proceeding south, was 600 feet north of that intersection, he turned on his flashing turn lights to signal a left turn onto Simpson Road. Following the Gambill Plymouth was the second car, a Studebaker, driven by defendant Remigius Leichtnam at a speed of 40 to 45 miles per hour. When defendant Gambill's automobile first entered the highway 1038 feet north of the Simpson Road junction, defendant Leichtnam's vehicle was one-half mile behind it. Leichtnam, however, rapidly overtook Gambill. Approximately five car lengths to the rear of defendant

Leichtnam's car, and proceeding in the same direction at the same speed, was a third car, a Buick operated by Wilmer Lemke who is not a party to this action.

Leichtnam did not see the Gambill car until he was two or three car lengths from it. When Leichtnam discovered the Gambill car immediately ahead of him, he suddenly applied his brakes. Although Leichtnam's Studebaker did not collide with the rear of defendant Gambill's car, the sudden application of the brakes did swing it sharply to the east so that it was approximately at right angles to the highway with its front end projecting 2 or 3 feet over the centerline into the northbound lane of traffic.

As appellant approached the Simpson Road intersection he had an unobstructed view of traffic coming from the north. There was nothing between his car and the Gambill auto which for some time had been flashing its signal lights to indicate a left-hand turn. In fact both the Gambill and the Leichtnam cars had been seen by plaintiff for a distance of about 300 feet south of the point of collision. Plaintiff also said he saw the Leichtnam car swing out across the centerline when it was still 150 feet away.

Although appellant was aware that he was approaching an intersection, he did not see defendant Gambill's flashing lights signaling a left turn. Furthermore, he did not see the Leichtnam vehicle behind the Gambill Plymouth until the former was only 50 to 75 feet from his vehicle. The overdrive on appellant's vehicle was not working properly. At the very time that the Leichtnam car crossed the centerline, appellant was attempting to manipulate the overdrive with his left hand by means of a plunger on the left side of the dashboard and by operating the clutch with his left foot. As appellant's automobile safely met and passed defendant Gambill's car, both of these two vehicles were in their proper lanes. Appellant's car continued in the same straight-ahead course and did not appreciably turn before the collision. Appellant did not apply his brakes before the impact. Leichtnam's auto which had skidded sideways in a southerly direction, was stopped or almost stopped when struck by appellant's machine. The right front part of the Leichtnam auto and the left front part of appellant's car collided, the

impact occurring 2 to 3 feet east of centerline of the highway in the northbound lane.

Plaintiff, who was injured in the collision, brought this action for damages against appellant and also against Remigius Leichtnam and Dr. Carl Gambill. Leichtnam filed a cross-claim against appellant and defendant Gambill. In a special verdict the jury found that (1) defendant Gambill was not negligent; (2) that both appellant and defendant Leichtnam were negligent and that the negligence of each was a proximate cause of the accident; (3) that plaintiff was not contributorily negligent; and (4) that plaintiff sustained damages of $15,000. Appellant's appeal herein followed the denial of his motion for judgment notwithstanding the verdict or for a new trial.

We are concerned with the sole issue of whether the evidence sustains the jury's finding that appellant was negligent and that his negligence was a proximate cause of the accident.

We are not unmindful of appellant's contention that the sole proximate cause of the accident was the sudden and unexpected appearance of Leichtnam's automobile in the east lane. Although the evidence is in sharp conflict and presents a close factual dispute, there is ample evidence upon which the jury could reasonably find that appellant was negligent in failing to maintain a proper lookout. The Gambill car with its flashing signals, followed by the rapidly overtaking Leichtnam automobile, ought to have apprised appellant of the need for him to be alert for the safety of himself and others. The jury could find that if appellant had been reasonably alert he would have been ready, and would have had ample time, to take corrective action the very moment the Leichtnam car popped over the centerline 150 feet away. Admittedly, the overdrive on appellant's automobile had been giving trouble that day. The jury, despite appellant's denial, could find that he was preoccupied in trying to manipulate the overdrive at the time when, in the exercise of ordinary care, he ought to have been giving his exclusive attention to the road ahead. Plaintiff, who was seated beside the appellant, testified positively that the latter did not turn his automobile prior to the collision. Several witnesses, who were in a position to see the movements of appellant's vehicle, did not see him turn his car at any

time. In corroboration of this testimony, we have the further fact that Leichtnam's automobile was not over the centerline more than about 3 feet and, that if appellant had turned his car a very little to the right there would have been no collision. There is also ample evidence for the jury to conclude that appellant did nothing to slow the speed of his car or take any other corrective action to prevent the accident.

In a number of our decisions we have uniformly held that a driver of an automobile on his own side of the road must exercise due care to avoid collisions with other vehicles, even with those on his side of the road, and, while he may assume that an approaching vehicle on his side of the road will return to its proper lane, he will not be permitted to act on that assumption where the factual basis for it has disappeared, as, for example, where, as here, the offending vehicle after crossing the centerline has so reduced its speed, or has crossed the centerline at such an angle, as to indicate an inability to return, or a reasonable unlikelihood of returning, seasonably to its proper lane.[1]

In the controlling case of Barrie v. Ackerman, 250 Minn. 1, 5, 83 N. W. (2d) 497, 499, we said:

"In most cases a driver of an automobile may assume that the driver of an approaching car will stay on his side of the road, but, when there is reason to believe that an approaching car on the wrong side of the road will not or cannot return to its lane of travel, a jury question may arise as to the negligence of the driver who makes such observation and yet fails to use reasonable means to avoid such collision."

In the light of these principles the jury, upon the conflicting evidence herein, could reasonably find that appellant was negligent in not seasonably observing and realizing that the offending Leichtnam car was unlikely to return to its proper lane, and further that appellant, in the exercise of reasonable care had time, but failed, to take corrective action to avoid the collision. It follows that the evidence sustains the jury's findings as to both negligence and proximate cause.

---

[1]See, Barrie v. Ackerman, 250 Minn. 1, 83 N. W. (2d) 497; Katlaba v. Pfeifer, 238 Minn. 298, 56 N. W. (2d) 725; Kime v. Koch, 227 Minn. 372, 35 N. W. (2d) 534; Kapla v. Lehti, 225 Minn. 325, 30 N. W. (2d) 685, and cases cited therein.

The order of the trial court is affirmed.
Affirmed.