BARBARA J. HOVEY, BY RICHARD R. CORPORON, HER GENERAL GUARDIAN, v. ENOS WAGONER AND OTHERS.

177 N. W. (2d) 796.

June 5, 1970—No. 41544.

*Wallace C. Sieh,* for appellant.

*Alderson, Catherwood, Kelley & Ondov* and *Glenn E. Kelley,* for respondents Ellsworth Freight Lines and Sandvig.

Heard before Nelson, Otis, Rogosheske, Peterson, and James F. Murphy, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial in an action arising from an automobile collision. Plaintiff, Barbara J. Hovey, by Richard R. Corporon, her general guardian, contends that the trial court erred in failing to submit instructions to the jury embracing her theory of the case.

The litigation arises out of a head-on collision between a Ford station wagon, in which the plaintiff was a passenger, and a semi-tractor-trailer owned by defendant Ellsworth Freight Lines, Inc., and operated by defendant Gerhard Sandvig. Reduced to the essential facts, the record establishes that, on June 6, 1966, at approximately 7 a. m., the Ford station wagon, owned by defendant Enos Wagoner and driven by his wife, Luella, also a defendant, was proceeding in a westerly direction on State Highway No. 16 in Freeborn County. Both Mrs. Wagoner and plaintiff guest were on their way to work. At the same time, the tractor-trailer was proceeding in an easterly direction on the same highway. The weather was clear, the 20-foot-wide highway was dry, and visibility was good. Both vehicles were proceeding at approximately 40 miles per hour. When Mrs. Wagoner reached a point about 200 or 300 feet from the approaching tractor-trailer, she suddenly turned her automobile from the north shoulder of Highway No. 16 into the oncoming lane of traffic. At that time Sandvig reduced his speed and applied the brakes. Prior to the point of impact, the tractor-trailer left 42 feet of skid marks. The Wagoner vehicle left none. The impact occurred wholly on the south half of the highway. There seems to be no dispute as to these circumstances. Although the Wagoners were named as defendants, plaintiff had previously executed a covenant not to sue upon payment of $45,000. The basis of the appeal here is that the trial court erred in refusing to give to the jury certain requested instructions.

It seems to be the theory of plaintiff that, even though the tractor-trailer was on its proper side of the highway at the time of the collision, the driver was nevertheless negligent because he failed to use reasonable care to avoid the collision after he had knowledge of the dangerous situation with which he was confronted. Preliminary to giving the issues to the jury, plaintiff asked for instructions which were taken verbatim from statements of this court in cases where we discussed the duty of the driver of a motor vehicle to exercise due care in avoiding

a collision with another automobile approaching on his side of the highway.[1]

The requests for instructions, examined in light of the record, indicate that they were largely argumentative, as well as being unsupported by the evidence. We have on innumerable occasions said that

---

[1] The following are the requested instructions:

"1. That a driver of an automobile on his own side of the road must exercise due care to avoid collisions with other vehicles, even with those on his side of the road, and, while he may assume that an approaching vehicle on his side of the road will return to its proper lane, he will not be permitted to act on that assumption where the factual basis for it has disappeared, as, for example, where, as here, the offending vehicle after crossing the centerline has so reduced its speed, or has crossed the centerline at such an angle so as to indicate an inability to return, or a reasonable unlikelihood of returning, seasonably to its proper lane. (Link v. Leichtnam 252 M 392, 90 NW 2d 518).

"2. The driver of an automobile on his own right side of the road must exercise due care to avoid collisions with other vehicles, even with those on his side of the road, and that, while he may assume that an approaching vehicle on his side of the road will turn and get on its right side, he will not be permitted to act on the assumption where the factual basis for it has disappeared, as, for example, where it becomes apparent that the driver on the wrong side of the street either will not or cannot turn back to his right side.

"3. The rule is that it is the duty of the driver of an automobile on the right side of the road meeting another automobile on the same side to exercise due care to avoid a collision.

"4. It is the duty of the driver on the right side of the road meeting an oncoming car on the same side to exercise due care to avoid a collision and, if necessary and practicable to do so, to stop or turn out. (Kapla v. Lehti 25 M 325, 30 NW 2d 685)."

Instead of giving these instructions, the trial court generally defined negligence and instructed as follows:

"* * * The duty of reasonable care may include, among other things, the duty of every person using a public highway as a driver of a vehicle, to maintain a reasonable lookout, the duty of a driver of a vehicle to keep his vehicle under reasonable control. Whether or not a duty has been violated depends upon the risks of the situation, dangers known or to have reasonably been foreseen, and all of the then existing circumstances.

"It is the law in the State of Minnesota that upon all roadways of

it is not always good policy for the trial court to use texts of reported decisions in its instructions because they are sometimes misleading. Christensen v. Pestorious, 189 Minn. 548, 250 N. W. 363; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413; Ewert v. Chirpich, 169 Minn. 386, 211 N. W. 306; Roach v. Roth, 156 Minn. 107, 194 N. W. 322; Stanger v. Thompson, 153 Minn. 488, 190 N. W. 897; Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998. We pointed out in Barnes v. Northwest Airlines, Inc. 233 Minn. 410, 420, 47 N. W. (2d) 180, 187:

"* * * A court, through its instruction, is not authorized to give prominence to and emphasize particular facts disclosed by the evidence, thus singling out elements or views upon the controversy which were proper for argument and discussion by counsel * * *."

Even though a party may be entitled to a specific instruction on his theory of the case, if there is competent evidence to sustain it, such instruction need not be given in the particular form requested, and it may even be denied if the substance of the instruction is adequately covered by the charge as a whole. Fenton v. Minneapolis St. Ry. Co. 252 Minn. 75, 89 N. W. (2d) 404; Randall v. Goodrich-Gamble Co. 244 Minn. 401, 70 N. W. (2d) 261; Devall v. Standard Oil Co. 239 Minn. 87, 57 N. W. (2d) 835; Manteuffel v. Theo. Hamm Brg. Co. 238 Minn. 140, 56 N. W. (2d) 310; 19 Dunnell, Dig. (3 ed.) §§ 9777, 9778, 9781.

It appears from the court's instructions in the case before us that the trial court correctly gave the jury an understanding of the duty of defendant with reference to his obligations to maintain a reasonable lookout and to keep his vehicle under reasonable control in light of all the circumstances existing at or about the time of the collision. At the close of the trial court's instructions, plaintiff's counsel was invited to call the court's attention to errors or omissions in the charge, to which counsel replied that he had none. However, in a forceful argument to the jury, counsel for plaintiff had full opportunity to discuss the theory upon which he relied for recovery and, in his argument, stated:

---

sufficient width the vehicle shall be driven upon the right hand of the roadway.

\* \* \* \* \*

"The duty of reasonable care may include the duty of every person using a public highway as a driver of a vehicle to use his sense of sight. It is not only the duty of each person to look, but to see what is plainly to be seen. It is also his duty to keep his vehicle under reasonable control."

"Now, we are not expecting the impossible from Mr. Sandvig, but I think that he [has] demonstrated that somewhere along the line that morning he didn't—well, he just didn't see this woman coming, a red station wagon in trouble, driving erratically, and wavering on the shoulder. He didn't see her coming. And that is, as I said, where he demonstrated that he wasn't on the ball, wasn't giving full attention this morning to his driving. Now, this bears out the fact that they were three hundred feet apart, she came across that line, he just didn't act, he just didn't do anything until it was too late. * * * He had a lapse of his vision, didn't see her coming. As a result when she did come over to his side, he wasn't alerted. And even after that, he could have—if he would have been on the ball he had an ample opportunity to turn on the shoulder."

Under similar circumstances, in Boraas v. Carlson, 267 Minn. 478, 127 N. W. (2d) 439, where requested instructions were denied but the instructions given adequately covered all theories of the case upon which any substantial evidence had been submitted, after which plaintiff's counsel expressed no objections, we held that no prejudicial error occurred.

Affirmed.