## HAROLD BEHRENS v. HAWKEYE OIL COMPANY.[1]

March 31, 1922.

No. 22,670.

**Negligence of truck driver proven.**

1. The evidence in this case is sufficient to prove negligence of a driver of defendant's truck in colliding with plaintiff.

**Inference proper that driver is in course of his employment.**

2. Where a defendant owns and customarily uses a truck in his business and the customary driver is found driving the truck on highways where it is customarily driven, loaded as it is customarily loaded in defendant's business, an inference is permissible that the driver is in the course of his employment.

**Contrary assertion of driver not conclusive.**

3. A mere statement by the driver that he was going home to dinner is not under such circumstances conclusive that the driver was using the truck for his own private purposes.

**Contributory negligence for the jury.**

4. The question of plaintiff's contributory negligence was a question of fact for the jury.

Action in the district court for Olmsted county to recover $27,000 for personal injuries received in collision between plaintiff's motorcycle and defendant's motor truck. The case was tried before Callaghan, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $10,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*George J. Allen, Richard D. Manahan* and *George E. Pike,* for appellant.

*Fraser & Fraser* and *Burt Elliott Eaton,* for respondent.

[1]Reported in 187 N. W. 605.

HALLAM, J.

Plaintiff, while riding a motor cycle on a street in Rochester, came into collision with defendant's truck and was injured. He sued for damages and recovered a verdict. Defendant appeals.

1. Defendant's truck was driven by an employe, William Klinkel. He desired to turn on an intersecting street to the left, and, in doing so, crowded close to the left curb. Plaintiff was passing on the left and was injured by the act of the truck driver crowding to the left of the street. The negligence of the truck driver in crowding to the left side of the street is unquestioned.

2. Defendant contends that the evidence conclusively shows that the truck driver was not in the course of defendant's employment at the time the accident happened. Defendant was in the business of selling and distributing oil and gasolene. The truck was a transport ton and one-half truck carrying a 400-gallon gasolene tank. On the truck was the name of defendant and it was used in defendant's business. Klinkel was the regular driver of the truck and drove it about distributing gasolene. At the time of the accident the truck was loaded and Klinkel was driving it. These facts clearly warrant an inference that Klinkel was in fact in the course of his employment. Where a defendant owns and customarily uses a truck in his business and the customary driver is found driving the truck on highways where it is customarily driven, loaded as it is customarily loaded in defendant's business, an inference is permissible that the driver is in the course of his employment. On more meagre facts this court held the evidence sufficient in Fransen v. Kellogg Toasted Corn Flake Co. 150 Minn. 54, 184 N. W. 364.

3. The only evidence tending to rebut this inference was that the driver testified that he was at the time "going home to dinner." There are numerous cases dealing with the liability of a vehicle owner where an employe is using the vehicle to drive to and from meals. We need not analyze or discuss them at length. It is sufficient to say that the mere statement of the driver that he was going home to dinner did not necessarily mean that he was using this heavily-loaded truck for his own private purposes. Possibly he was, but

it would seem improbable that he would use a truck loaded to near four ton as a mere runabout. Save as above stated the facts and circumstances are not in evidence. We must determine the case on the evidence given and we hold that the evidence is not conclusive against the plaintiff.

Defendant on argument complained that the court did not submit to the jury the question whether the driver was acting in the course of his employment at the time of the accident. No exception was taken to the charge in the trial court. Objections to the charge raised for the first time on argument before this court clearly come too late.

4. Defendant contends that plaintiff was guilty of contributory negligence. Plaintiff testified that when he ran alongside of the truck it was about in the center of the street; that when he was beside the truck the driver without warning crowded him right up to the curb; that after the truck driver started to turn plaintiff tried to dodge him and get out of the way, but had no opportunity to do so. Clearly the question of contributory negligence was one of fact for the jury

Order affirmed.