Martin v. Turek et al., 227 Ill. App. 379.

---

## Louis Martin, Appellee, v. Anton Turek and Frank Mosehouip, on appeal of Anton Turek, Appellant.

### Gen. No. 27,392.

1. NEGLIGENCE—*agent's declarations as to fact of agency not admissible as res gestæ.* In an action for injuries sustained by plaintiff in a collision with a truck owned by defendant but driven by another at the time of the accident, evidence of declarations made by the driver and his companion shortly after the collision that they were then driving the truck for defendant on his business is not admissible as part of the *res gestæ.*

2. NEGLIGENCE—*when owner not chargeable for negligence of driver of vehicle.* In an action for injuries sustained by plaintiff in a collision between his wagon and a truck owned by defendant but driven by another, defendant is entitled to a directed verdict where plaintiff's prima facie case arising from proof of defendant's ownership of the truck is overcome by uncontradicted testimony of the defendant and the driver that the latter had borrowed the truck and was using it for his own business at the time of the accident.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed. Opinion filed January 10, 1923.

EDWARD J. HERDLICKA, for appellant.

ISADORE BROWN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against Anton Turek and Frank Mosehouip to recover damages for personal injuries. The case was dismissed as to Mosehouip and proceeded against Turek. There was a verdict and judgment for $250 in favor of plaintiff and this appeal followed.

The record discloses that about noon on June 19, 1919, plaintiff was driving a one-horse wagon east on Lake street bridge, Chicago. There is a double line of street car tracks across this bridge. Plaintiff was driving his horse east between the south or eastbound track and the curb. Following his wagon was a motor truck owned by Turek and driven by Mosehouip. On the driver's seat with Mosehouip was one Garos. The truck was proceeding eastward behind and to the north of plaintiff's wagon. The driver of the truck turned it toward the south to permit a street car which was also coming east to pass, and as he did so the front of the truck struck the left hind wheel of the wagon, as a result of which plaintiff fell or was thrown off the seat into the bed of the wagon and injured.

The defendant Turek filed an affidavit of merits in which he denied that at the time in question he permitted Mosehouip to operate the truck. He further denied that Mosehouip was driving the truck in his behalf. There is no dispute but that the truck belonged to Turek, but his contention was that on the occasion in question he loaned it to Garos who borrowed it for the purpose of hauling a load of wood for himself. On the trial of the case a witness for plaintiff was permitted to testify over defendant's objection that shortly after the collision he came to the

scene of the accident on the bridge and that Mosehouip and Garos told him they were driving the truck for Turek and were on their way to the Michigan Central Railroad to get a load of furniture for Turek. For the defendant, Garos testified that he occasionally worked for defendant by the day driving the truck and that the last time he worked for Turek was about three days prior to the accident; that at the time in question he had borrowed the truck from Turek for the purpose of getting a load of wood for his own use. The defendant Turek testified substantially to the same effect. At the close of all the evidence the court overruled defendant's motion for a directed verdict.

The defendant contends that the court erred in overruling his objection to the testimony of the witness for plaintiff to the effect that shortly after the accident Garos and Mosehouip said they were driving the truck for Turek on the ground that agency may not be proven by the declarations of an alleged agent. Counsel for plaintiff replies that the testimony was admissible as a part of the *res gestæ*. In 3 Wigmore on Evidence, sec. 1795, the history of the phrase *res gestæ* is discussed, and after the author quotes from Thayer, he continues: "The phrase *res gestæ* is, in the present state of the law, not only entirely useless, but even positively harmful. It is useless, because every rule of evidence to which it has ever been applied exists as a part of some other well-established principle and can be explained in the terms of that principle. It is harmful, because by its ambiguity it invites the confusion of one rule with another and thus creates uncertainty as to the limitations of both. It ought therefore wholly to be repudiated, as a vicious element in our legal phraseology. It should never be mentioned. No rule of evidence can be created or applied by the mere muttering of a shibboleth. There are words enough to describe the rules of evidence. Even if there were no accepted name for one or an-

other doctrine, any name would be preferable to an empty phrase so encouraging to looseness of thinking and uncertainty of decision." We are in entire accord with the statement of Professor Wigmore. We think the phrase *res gestæ* should not be mentioned in any case because every rule of evidence to which this phrase may be applied exists as a part of some other well established principle. In the instant case the principle involved is that of principal and agent and it is elementary that the agency of a person cannot be established solely by the declarations of the alleged agent. It follows from what we have said that the court erred in overruling defendant's objection to the testimony of this witness. With this testimony out of the case there is no evidence in the record that the truck at the time of the collision was being operated by defendant or his agent. Even if it might be considered that the plaintiff had made out a prima facie case, since the evidence showed that defendant's name was painted on the truck, this prima facie case was entirely overcome by the testimony of Garos and the defendant to the effect that the truck at the time in question was being operated for the sole benefit of Garos. In these circumstances the court should have directed a verdict for the defendant. *Keith v. Guedry* (Tex. Civ. App.), 114 S. W. 392.

There being no evidence in the record to sustain plaintiff's case, the judgment of the municipal court of Chicago is reversed.

*Reversed.*

THOMSON, P. J., and TAYLOR, J., concur.