WATT SIMPSON v. LOUIS A. EGLER AND ANOTHER.[1]

March 12, 1926.

No. 24, 657.

**Liability of master.**

Employers of delivery clerk, who before store hours used their truck to take friends to work, not liable to pedestrian for injury caused by his driving of it. [Reporter.]

Master and Servant, 39 C. J. pp. 1301 n. 63; 1356 n. 87.
Motor Vehicles, 28 Cyc. pp. 39 n. 33, 34; 46 n. 8.

Action in the district court for Hennepin county to recover for personal injuries. The case was tried before Molyneaux, J., who directed a verdict in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*William M. Nash* and *Chester L. Nichols,* for appellant.
*Paul J. Marwin,* for respondents.

PER CURIAM.

Action to recover damages for personal injuries, caused by defendants' delivery truck while being driven by one of their employes on September 20, 1921. The plaintiff was walking diagonally across Central avenue northeast, Minneapolis, when he was struck by the truck, thrown to the pavement and injured. The defendants deny liability, upon the ground that the truck was not being driven in the course of the employment of the driver thereof and without their knowledge or consent. At the close of the trial, the court directed a verdict in favor of the defendants.

As a general rule, the presumption is that a servant, in possession of his master's vehicle, is using the same rightfully but, if the act be done while the servant is at liberty from the service and pursuing his own ends, acting for himself, the master is not liable. Kuehmichel v. Western

[1]Reported in 207 N. W. 724.

U. Tel. Co. 125 Minn. 74, 145 N. W. 788, L. R. A. 1918D, 355; Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165.

In the instant case, the driver of the truck was in the employ of the defendants as a clerk and delivery man in their store. It was his custom to keep the truck with which he did the delivering at his home. He would leave early mornings, go to the store, sweep out and put the store into shape for business. During the day he would act as clerk and do the delivering about town, using the truck in question. On the morning in question, the driver went to the store a little early, arriving there about 6:30. When he arrived, John Eklund was sitting on the curb waiting for a street car on his way to the shops where he worked, which was about eight blocks distant. It was raining and unpleasant. Chrysler, the driver of the truck, offered to take Eklund to the shops. Eklund accepted the offer and they started north toward the shops. Incidentally the driver picked up another pedestrian. They were driving at the rate of about 15 miles per hour when the accident occurred.

At the close of the testimony, the trial court directed a verdict in favor of the defendants upon the ground that, at the time of the accident, the driver was acting outside the scope of his employment. Under the evidence in the case, the direction of a verdict was proper.

Affirmed.