## WEBB–NORTH MOTOR CO. v. ROSS.
### No. 7618.

Court of Civil Appeals of Texas. Austin.
Oct. 7, 1931.

Rehearing Denied Nov. 4, 1931.

Woodruff & Holloway, of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellee.

McCLENDON, C. J.

Appellee sued appellant for damages to a motorbus the result of a collision on the public highway between the bus and a Buick car owned by appellant and operated at the time by one Wages, an employee of appellant. Judgment upon a special issue verdict was

rendered in favor of appellee, from which this appeal was taken.

The principally contested issue in the case was whether Wages, at the time of the collision, was engaged in his employer's business, or upon a private mission of his own; and the leading assignments of error complain of the admission of Wages' statements in this regard, one made to appellee shortly after the collision and the other made to Mr. Webb, vice president of appellant, a day or two later. Other assignments concern the measure of damages.

Appellant was engaged in selling new and used cars, and had a branch establishment at Dublin, Tex., which was in charge of Wages. The collision occurred about 9:20 o'clock on Sunday night, December 29, 1928, about nine miles east of Brownwood, on the highway extending from Brownwood through Dublin to Stephenville. The bus was traveling west to Brownwood and the Buick car was traveling in the opposite direction.

After the accident Wages was in a dazed or stunned condition, and while he was being driven into Brownwood he made the statement objected to which is embodied in the following quotation from appellee's testimony: "When he (Wages) seemed to get at himself, he told me that his name was H. M. Wages, and that he was employed by the Webb-North Motor Company. * * * He said that he had been over here to Brownwood trying to sell a used car. He said he had been over here to sell a used car."

A few days later Mr. Webb, in company with Mr. North, was in Brownwood in the interest of appellant investigating the accident. Appellee testified to the following conversation on that occasion: "I told them that Mr. Wages had told me that he was over here to see if he could sell a used car, and that he had gotten sick and had started back home, and Mr. Webb told me that that was what he had told him. Mr. Webb said that that was what Mr. Wages had told him as to how it came about."

These statements of Wages, as to the purpose of his mission to Brownwood, were objected to as being hearsay, incompetent, and not binding upon appellant.

We have reached the conclusion the objections were improperly overruled.

Neither agency, the authority of the agent, nor the fact that he was acting within the scope of his employment can be proved by the declarations of the agent. Nor are such declarations admissible as primary evidence of the facts they detail.

There is a line of authority, however, to the effect that where the agency is otherwise proved prima facie, and the declarations are made in connection with the transaction for which the principal is sought to be held or as a part of the res gestæ, they will be admitted as primary corroborating proof. Germania Fire Ins. Co. v. Grain & Elevator Co. (Tex. Civ. App.) 271 S. W. 256; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265; 2 Tex. Jur., p. 527, § 127, and cited cases.

The authorities upon this subject are by no means uniform. In reason and upon respectable authority we think the rule, in any event, should be limited to those cases in which the declarations of the agent are, by evidence aliunde, brought within the general rule that to be admissible they must have been made in a transaction in which the agent is shown to have had authority to bind his principal in the matter of the declarations themselves. This would limit the rule to cases in which the declarations were made in the course of and were pertinent to the business of the principal which the agent was transacting; which limitation would probably confine the application of the rule to matters of contract.

Conceding the rule to the extent above stated, we do not believe it can fairly be said that the facts of the case at bar bring it within its purview. The statement of Wages to appellee was uttered neither in the course of the transaction in suit, nor as a part of the res gestæ of that transaction. It related to the purpose of his mission in going to Brownwood, a matter prior in time and in no proper sense connected with the transaction in suit which was the collision. The following quotation from Gulf, C. & S. F. Ry. Co. v. York, 74 Tex. 364, 12 S. W. 68, 70, is expressive of this view:

"There can be no doubt, we think, that the objections to all of this testimony should have been sustained. It certainly did not constitute a part of the res gestæ, tested by the most liberal construction applied to that character of evidence. It was not descriptive or illustrative of the particular way in which the collision occurred. It was not admissible because made by an agent in such manner as would bind his principal. To have had that effect it must have been made within the scope of the agent's authority with respect to the transaction in which the declaration or admission was made, and must have formed part of the res gestae.

"The threats or declarations are not shown by the proof to have been made while the engineer was in the discharge or performance of any duty in which he was authorized to act for the defendant. They were obviously made after the infliction of the injury, and not, therefore, a part of the res gestæ. The length of time in this case would not, however of itself, have rendered them inadmissible had they related to the nature or cause of the accident and been otherwise competent."

In this connection appellee cited Reid Auto

Co. v. Gorsczya (Tex. Civ. App.) 144 S. W. 688. The opinion does not show what the statement objected to was; and we are unable to determine whether the case is in point.

■ The testimony of appellee that Mr. Webb admitted that Wages had later made the same statement to him was clearly hearsay and inadmissible for any primary purpose. Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371, is directly in point.

■ Appellant contends that with this evidence excluded, a prima facie case was not presented and judgment should be here rendered in its favor. The record does not disclose that the case has been fully developed in this regard, and the proper practice in such case is to remand the cause. In view of another trial we think it best not to discuss the evidence, which would be necessary in passing upon its sufficiency as a matter of law to establish the fact that Wages was at the time of the collision engaged in appellant's business.

■■ The remaining points relate to the measure of damages. Testimony as to the reasonable value of the bus when new was improperly admitted, in the absence of a showing that it had no market value at the time of the collision. Galveston, H. & S. A. Ry. Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195.

Complaint is made of the court's charge in authorizing the jury to consider "the reasonable value of the use of the bus during such time as was necessarily required to repair the same." The testimony upon this issue was that appellant hired another bus for 16 days at $20 per day. Our views upon the several points made in this regard follow:

Where the measure of damages submitted was the reasonable cost of repair, the reasonable rental cost of another like article for the time reasonably necessary for such repair was a proper element of damage. From such rental value, however, should be deducted the reasonable amount of depreciation during such period; for, should the owner rent his own article to another, he would receive the rental but would suffer the depreciation to his property arising from the use during the rental period; and should he hire another article for his own use, he would save the amount of such depreciation to his own property during that period. These elements should be established by competent proof and properly delineated to the jury.

■ Complaint is made that the charge authorized double damages in including the value of wheels destroyed in addition to the reasonable expense of repair, in that one of the items of such repair was the cost of another chassis which included wheels. It is manifest that appellee would not be entitled to the cost of another chassis including the wheels and the value also of wheels destroyed; and this consequence should be avoided upon another trial.

■■ Where the cost of another chassis was allowed as an item of repair, the salvage value, if any, of the old chassis should be allowed as a credit. And where, as here, the evidence conflicts as to whether there was any such salvage value, the issue should be submitted to the jury.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.