GRETA SMITH *vs.* EDWIN H. TOMPKINS.

CECELIA SMITH *vs.* SAME.

HANNAH SULLIVAN *vs.* SAME.

JAMES McMILLAN *vs.* SAME.

JULY 1, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These actions of the case for negligence are brought to recover damages for personal injuries sustained by the plaintiffs while riding as guests in the defendant's automobile. The actions were tried together and the jury returned a verdict for the defendant in each case.

The cases are before this court on the exceptions of each plaintiff. The exceptions are the same in each case and are all based upon the exclusion of testimony.

During July, 1930, defendant occupied a cottage at Narragansett. Plaintiffs were employed as servants in an adjoining cottage. July 28, about 11 o'clock p. m., defendant's chauffeur, named Ahlstrom, met the plaintiffs near defendant's cottage and took them for a ride in defendant's automobile. They motored to Wickford and, while returning to Narragansett on the Tower Hill road, the automobile overturned and plaintiffs were injured.

The defense was that Ahlstrom was not authorized to use the automobile for his own purposes.

Defendant testified that he employed Ahlstrom to act as chauffeur and butler; that he instructed him not to use the automobile except on defendant's business and that he was not to take the automobile from the garage without authority from defendant's wife, unless the nurse went out in the automobile and that Ahlstrom never asked nor received permission to take the automobile for his own purposes.

Defendant and his wife were out of the State when the accident occurred and their cottage was in charge of a nurse. The nurse left the cottage that evening for a few hours. She gave Ahlstrom instructions to stay at the cottage until she returned.

The cases were submitted to the jury on the issue whether Ahlstrom, at the time he took plaintiffs for the ride, was acting within the scope of his authority, either express or implied, or whether he was then using the automobile with the consent of the owner, express or implied. No exceptions were taken by either party to the instructions of the trial justice relative to this issue and they became the law of the case.

Plaintiffs admit that they could not prove express consent by defendant to the use of his automobile by his chauffeur for his own purposes and claim they knew of no limitation upon his authority to use the automobile.

Plaintiffs contend that, when a servant is employed for the special purpose of operating an automobile and is found operating it in the manner in which an automobile is usually operated, the presumption is that he is operating it in his master's service, and cites as authority *Giblin* v. *Dudley Hardware Co.*, 44 R. I. 371; *Callahan* v. *Weybosset Market*, 47 R. I. 361. In the *Giblin* case defendant produced no evidence to rebut the presumption that the driver of the truck was the servant of defendant and was acting within the scope of his employment. In the *Callahan* case defendant proved that the driver of its truck was not engaged upon its business at the time of the accident and the plaintiff produced no evidence tending to prove the contrary. The court held that the presumption that the driver was engaged in the defendant's business became inoperative and of no force when met by defendant's evidence that the truck was being used by the driver upon an errand of his own.

A presumption is not evidence and it has no weight as such. It only makes a *prima facie* case for the party in whose favor it exists. It merely points out the party who has the duty of going forward. *Colangelo* v. *Colangelo*, 46 R. I. 138; *Minutilla* v. *Providence Ice Cream Co.*, 50 R. I. 43; 22 C. J. 156.

In the cases at bar when defendant introduced positive testimony that his chauffeur had no authority to use the

automobile ·for his own purposes, the presumption became inoperative.

Plaintiffs also claim the benefit of Chapter 1429, Sec. 10, P. L. 1929, which provides that: "Whenever any motor vehicle shall be used, operated or caused to be operated upon any public highway of this state with the consent of the owner . . . express or implied, the operator thereof . . . shall in case of accident, be deemed to be the agent of the owner." This statute is not applicable to the issues in this case as the uncontradicted testimony is that Ahlstrom did not· have the consent of the owner, express or implied, to operate the automobile the night the accident occurred.

Many exceptions were taken by plaintiffs to the exclusion of testimony. Their brief classifies these exceptions as (1) declarations of ·the agent as showing consent; (2) refusal to admit evidence tending to show implied consent. The exceptions are without merit. Before the declarations of a supposed agent—as to his agency—can be introduced in evidence, the fact·that he is agent must first be proved. *Paulton* v. *Keith,* 23 R. I. 164; *Empire Cream Separator Co.* v. *Parillo,* 47 R. I. 178. Of course the supposed agent may testify as to the extent of his agency or his agency may be proved by other competent evidence. Plaintiffs called Ahlstrom as a witness. He testified that he had no right to use the car as part of his compensation for services and that he had orders not to use the car for his own purposes.

The cases were submitted to the jury by the trial justice with correct instructions applicable to the issues. He approved the verdicts when he denied the motions for new trials. We have examined the record and find no error in his decision. *Wilcox* v. *R. I. Co.,* 29 R. I. 292.

The exceptions of each plaintiff are overruled. Each case is remitted to the Superior Court for Washington county with direction to enter judgment on the verdict.

*James J. Corrigan,* for plaintiffs.

*William S. Flynn, Edmund W. Flynn,* for defendant.