E. RAYMOND WENELL v. HARRIS SHAPIRO AND ANOTHER.
MARTIN F. FALK PAPER COMPANY, RESPONDENT.[1]

April 26, 1935.

No. 30,327.

[1]Reported in 260 N. W. 503.

*Fred A. Ossanna* and *Irving H. Green,* for appellant.
*Jenswold, Jenswold & Dahle,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiff appeals from the judgment entered in favor of the defendant Martin F. Falk Paper Company, a corporation.

Plaintiff brought suit against Harris Shapiro and Martin F. Falk Paper Company to recover damages for personal injuries caused by an automobile owned by the paper company and driven by Harris Shapiro. On a first trial of the action a verdict was returned in plaintiff's favor against both defendants for a substantial amount. The paper company alone moved for judgment in its favor notwithstanding the verdict or for a new trial. A new trial was granted. On the second trial a verdict for $650 against the paper company was returned. That company is the only defendant before us and is hereinafter referred to as the defendant. Thereafter, on motion of defendant, the court set this verdict aside and granted judgment in defendant's favor notwithstanding the verdict. Judgment was thereupon so entered, and this appeal followed.

The first assignment of error is that the court did not have jurisdiction to hear or grant defendant's motion for judgment. The claim is that because the notice of motion served on plaintiff's counsel was not filed at or before the hearing thereon the court was without jurisdiction to hear the motion. There is a court rule requiring motion papers to be filed before the hearing. The motion was made

on the minutes of the court. Due notice thereof was given to plaintiff's counsel. The motion was heard within the time provided by statute. Counsel for each of the parties appeared and took part in the hearing thereon. No objection to the jurisdiction or hearing before the trial court is shown. The jurisdiction of the court was not affected by the failure to file the notice before the hearing.

■ The second error assigned is that the court erred in granting the motion for judgment notwithstanding the verdict. This raises the usual question of whether, on the whole evidence in the case, there was evidence sufficient to justify the jury in returning a verdict in favor of the plaintiff, or, as otherwise stated, whether the defendant was entitled to an instructed verdict at the close of the evidence when motion therefor was made.

The decisive question here is whether, at the time of the accident, Shapiro was acting within the scope of his employment or was doing or attempting to perform any service for defendant within the scope of his employment. Loucks v. R. J. Reynolds Tobacco Co. 188 Minn. 182, 246 N. W. 893; First Nat. Bank v. Fox, 191 Minn. 318, 254 N. W. 8.

Harris Shapiro was in the employ of the defendant company as a salesman, selling at wholesale the paper and stationery handled by defendant. His territory was limited to St. Paul and Minneapolis, with perhaps some of the suburbs of the two cities. He worked on a straight monthly salary, not on commission. His working hours were from between eight and nine o'clock in the morning until noon, and from one until five o'clock in the afternoon. He reported his sales to the defendant's main office in Minneapolis around five o'clock p. m. each working day. Occasionally he was delayed a short time and did not get his report in until the next morning as the office closed at five o'clock. Sometimes, when in St. Paul at the close of day, he reported to the St. Paul branch office. The defendant furnished to Shapiro the automobile in question for use in his work of selling its paper and paid for the gas, oil, and upkeep of the car when so used. The accident happened on Hennepin avenue in Minneapolis at about 11 o'clock in the evening of March 25, 1932, that being Good Friday and a legal

holiday. The defendant's office was closed all day Friday, a sign was posted at the entrance thereof stating that no employe was required to work on that day, and, as far as appears, none of the employes on regular salary did work on that day. Shapiro had seen this sign on the office.

Shapiro's father was admitted to a hospital in Rochester, Minnesota, on March 18, and was there operated on on March 23. He thereafter died at Rochester on March 31. On the morning of March 25, Shapiro, together with his brother, who was an employe of defendant company at Duluth, started from Minneapolis to visit their father at the hospital in Rochester. Another brother also was visiting the father on that day. When Shapiro and his brother arrived at Rochester they went directly to the hospital where the father was a patient. They and the other brother visited with the father during that entire day except when they stepped out for meals. They drove in this car belonging to the defendant company and parked it near the hospital while they were in Rochester. The defendant did not know Shapiro was going on this trip. The two brothers started on the return trip about eight o'clock in the evening, drove directly to Minneapolis, and at the time of the accident were on the way to a sister's home, where the brother from Duluth was staying. There is no evidence that Shapiro attempted to or did transact any business for the defendant on this trip, either going or coming, or while at Rochester. Rochester was not in his territory, and he had no authority to do any business there. These facts were testified to by Shapiro and his brother and corroborated to some extent by the testimony of the officers of the defendant company. There is no contradiction or conflict as to such testimony. The plaintiff argues that certain inferences in his favor as to Shapiro being within the scope of his employment, or acting for the defendant in its employment in driving this car at the time of the accident, may be drawn from the facts now to be considered.

The fact that the car was owned by the defendant and driven by an employe is urged as sustaining some inference that the employe, in driving it at the time of the accident, was acting within the scope of his employment. This claimed presumption is usually controlled

by the facts and circumstances surrounding the use of the car at the time. It is overcome if the evidence clearly shows to the contrary. Here the evidence so clearly shows that Shapiro was not in any way doing or furthering any business for the employer at the time of the accident that the presumption is fairly and clearly overcome. Menton v. Patterson Merc. Co. 145 Minn. 310, 176 N. W. 991; Piepho v. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; Simpson v. Egler, 166 Minn. 501, 207 N. W. 724; Messenbring v. Blackwood, 171 Minn. 105, 213 N. W. 541. The ownership of the car, if it stood alone, might furnish ground for such an inference, but where there is clear and uncontradicted evidence to the contrary, the presumption is overcome. The two cases of Fransen v. Kellogg T. C. F. Co. 150 Minn. 54, 184 N. W. 364, and Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605, are readily distinguishable from the present case. In each of those cases the car was being driven by an employe during business hours and within his territory, and the employe was in fact doing business for the employer during the day when the accident happened. Here, what Shapiro was doing was going on a trip to Rochester, Minnesota, outside of his territory, for a visit to his father, there critically ill. Unless that trip was for the purpose of doing business for the defendant, the return therefrom at 11 o'clock at night was not in any sense in furtherance of his employer's business or the doing of any business for his employer.

The car driven by Shapiro had the name "Martin F. Falk Paper Company" in gilt letters on the rear of the body and the slogan "Falk's Fine Paper Talks" on the door panel on either side. It is claimed that this made the car an advertising car and that the mere driving of it anywhere, at any time, might be inferred to be in the business of the company. Any inference on that ground is only a rebuttable inference, and, where the evidence tends clearly to the contrary, the presumption is overcome. The case of Shotts v. Standard Oil Co. 181 Minn. 386, 232 N. W. 712, is claimed as authority for plaintiff. There the driver was an advertising manager for the defendant, and the car had been remodeled as an

advertising medium. The car was being driven during the noon hour and was driven within the territory of the agent.

In the present case the evidence does not justify any reasonable inference that driving the defendant's car on the return trip from a place outside of Shapiro's territory, where he had been doing no business of any kind for his employer and had gone for the purpose here shown, and was driving at 11. o'clock at night, could have any advertising value or be considered as justifying any inference that the car was being used for advertising defendant's business.

It is claimed that some inference might be drawn from the fact that Shapiro had customers to whom he was selling paper in Minneapolis near the place of the accident and on whom he at other times called on Fridays. It is difficult to suppose that he was there for the purpose of doing business at 11 o'clock in the evening on a holiday, when he was not required to do any work for his employer, and the evidence is clear that he neither did nor attempted to do any business either at Minneapolis or anywhere else on that day.

Because, on the Rochester trip, Shapiro made a purchase of gas for the car and took a receipt for the payment therefor, and, on other occasions, took such receipts for gas purchased when using the car in the defendant's business, it is claimed that some inference might be drawn that he was engaged in doing business for defendant on the trip in question. This claim, in view of all the evidence to the contrary, seems without any force. He might well take such a receipt for his own use in keeping account of his personal expenditures.

■ One William McDonald, a so-called claim adjuster and investigator, was called as a witness for the plaintiff and testified to what was claimed to be a *res gestae* statement by Shapiro at the place of the accident just after it happened. His testimony as to that, as far as material on the issue, was this: He claimed that Shapiro said: "I just came from Rochester where I have been on business for the company." This statement was brought out after the witness had first testified without mentioning the company. The evidence was objected to and exception taken to the ruling of the court admitting it. The plaintiff himself had testified about

374

this same conversation, but in his testimony had not said that Shapiro had been to Rochester or had said anything about being there on business for the company. The *res gestae* rule as to statements made by an agent at the time of an accident is in conflict with the rule that an agent cannot, by his own declarations, prove agency. But there is the further rule that to come within the *res gestae* the statement must have reference to something taking place at the time of the accident, must be connected with and grow out of the act or transaction which is the subject matter of inquiry so as to form one continuous transaction, and must in some way illustrate, elucidate, qualify, or characterize the act and in a legal sense be a part of it. Here the statement which is claimed to show what Shapiro did at Rochester related to a wholly different and distinct transaction from the accident itself. It did not refer to the accident but to matters entirely disconnected with it. It related to the purpose of the trip to Rochester, a matter prior in time and not connected with the accident. This statement as to the purpose of the Rochester trip does not seem to us to have any relation to the accident or to be admissible as part of the *res gestae* on the question of agency or employment. The defense cites 10 R. C. L. p. 977, § 160; Opsahl v. Judd, 30 Minn. 126, 14 N. W. 575; Conlan v. Grace, 36 Minn. 276, 279, 30 N. W. 880; Reem v. St. Paul City Ry. Co. 77 Minn. 503, 80 N. W. 638, 778; Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645, L. R. A. 1915E, 812; Deater v. Penn Machine Co. 311 Pa. 291, 166 A. 846; Webb-North Motor Co. v. Ross, (Tex. Civ. App.) 42 S. W. (2d) 1086; Smith v. Tompkins, 52 R. I. 434, 161 A. 221; Renfro v. Central C. & C. Co. 233 Mo. App. 1219, 19 S. W. (2d) 766; Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Moore v. Rosenmond, 238 N. Y. 356, 144 N. E. 639; Anning v. Rothschild & Co. 130 Wash. 232, 226 P. 1013; McAvon v. Brightmoor Transit Co. 245 Mich. 44, 222 N. W. 126; Hackney v. Dudley, 216 Ala. 400, 113 So. 401; Ennis v. Smith, 171 Wash. 126, 18 P. (2d) 1; Martin v. Turek, 227 Ill. App. 379. In several of these cases the statement of the alleged agent, even if otherwise part of the *res gestae,* was held inadmissible.

We do not take the time to analyze the cases cited by the parties on this question of proof of agency or employment, but hold that on the evidence, taken as a whole, reasonable minds could not arrive at the conclusion that at the time of this accident Shapiro was acting in the course of his employment or doing anything for the benefit of his employer or in the business of his employer, and the court properly granted judgment notwithstanding the verdict.

■ The third assignment of error attempted to assign errors occurring at the trial and duly excepted to, without specifying what the errors were. It is sufficient to say on that assignment that there was some attempt to prove statements made by Shapiro some time after the accident in relation to his agency, which were excluded by the court, and some other evidence as to matters not here important. We find no reversible error.

Judgment affirmed.

