## STOKES BROS. et al. v. THORNTON.
### No. 4535.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1936.

J. C. Abney and Roy L. Walker, both of Lampasas, P. D. Page, of Bastrop, and Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

C. B. Maynard, of Bastrop, and Bryan & Maxwell, of Waco, for appellee.

MARTIN, Justice.

Appellants, who reside in Lampasas county, were sued in Bastrop county for personal injuries alleged to have resulted to appellee from the negligent operation of a truck driven by one of their agents in the last-mentioned county. Their plea of privilege was overruled.

The sole question on this appeal is the alleged inadmissibility of a statement of the driver of the truck that "he was working for Stokes Brothers of Lampasas."

Clopton, driver of the vehicle in which appellee was riding at the time of his injury, after testifying to a collision

with a truck and the details of same, then stated that the driver of such truck said at the time that he "was working . for Stokes Brothers of Lampasas." This was objected to as hearsay and incompetent. It was offered and admitted as res gestæ. No proof of the ownership of such truck was introduced, nor evidence of agency aliunde. No attempt was made to prove agency, either directly or circumstantially, other than the above. Before appellee could maintain venue in Bastrop county, it devolved upon him to prove by competent evidence the commission of some affirmative act of negligence by appellants in that county which amounted in law to an active trespass.

The quoted evidence was not, in our opinion, admissible under the record before us, for the reasons stated by Judge Mc-Clendon in the case of Webb-North Motor Co. v. Ross (Tex.Civ.App.) 42 S.W. (2d) 1086. Seé especially Wenell v. Shapiro (Minn.) 260 N.W. 503, and numerous authorities therein cited. Agency may not be proven by the hearsay statements of the alleged agent. His employment was not a part of the collision. That transaction, speaking of itself spontaneously through him at the time, could not include any such unrelated statement. The reasons are more fully given in the cited cases.

It seems plain that this case has not been fully developed.

Judgment of the trial court will be reversed, and cause remanded.