## LEWIS v. J. P. WORD TRANSFER CO.

### No. 12443.

Court of Civil Appeals of Texas. Dallas.

June 25, 1938.

Rehearing Denied July 23, 1938.

Wright K. Smith, of Dallas, for appellant.

Walter B. Branan, of Dallas, for appellee.

LOONEY, Justice.

Irene Lewis, a minor, through H. L. Lewis her father, as next friend, sued the J. P. Word Transfer Company, a corporation, and William Walkenshaw, to recover damages for personal injuries received in a collision, between an automobile in which she and other members of her family were riding and a truck being driven by William Walkenshaw, occurring December 23, 1933, in the City of Dallas. Plaintiff alleged, in substance, that the collision was the result of the negligent operation of the truck by Walkenshaw, who at the time was operating same

for and at the instance of the Transfer Company.

Both defendants answered, but Walkenshaw failed to appear at the trial. At the conclusion of the evidence, the court instructed a verdict for the Transfer Company, but submitted the cause to a jury as to Walkenshaw, against whom a verdict for $1500 damages was found in favor of plaintiff. Plaintiff appealed from the judgment that she take nothing as against the Transfer Company.

The only question for our decision is: Did the court err in directing the verdict for the Transfer Company, based upon the idea that. the evidence failed to raise an issue as to whether or not Walkenshaw was its employee and acting within the scope of his employment at the time of the accident?

Plaintiff called as her first witness J. P. Word, president and general manager of defendant Transfer Company, who testified, in substance that: Prior to the date of the accident (December 23, 1933) Mr. Walkenshaw, a mechanic, asked defendant for work, and having several trucks needing repair, Walkenshaw was employed to work them over; later, he expressed a desire to buy one of the trucks, and that (about November 1, 1933) defendant sold him a Stewart truck that had been out of service for some time, and he (Walkenshaw) "worked it up"; the truck was not rented to Walkenshaw but was sold to be paid for in monthly installments; no bill of sale was given evidencing the sale, but it was understood that when Walkenshaw paid $100, a bill of sale would be executed. After the sale the truck was not kept at defendant's place of business. In the latter part of November or first of December, Walkenshaw went to work; witness did not know for whom, but he cashed several of Walkenshaw's checks from the Government (U. S.); that having lost his job, Walkenshaw failed to pay for the truck, and early in 1934 (uncertain as to the date) surrendered same. Defendant gave Walkenshaw no orders or instructions, did not control or attempt to control his actions, he was free to do whatever he wanted to do (with the truck); that defendant did not at any time employ him as a driver (of trucks). This uncontradicted testimony conclusively disproved plaintiff's cause of action, as alleged.

Plaintiff insists however that, as the truck had the name of the Transfer Company lettered on its sides, and was at the time registered in the Highway Department of the Tax Collector's office of Dallas County in the name of the Transfer Company, the presumption should be. indulged that the Company was the owner of the truck, and that it was being operated in its interest, therefore the issue as to its ownership by and operation for the Transfer Company should have been submitted to the jury.

If, in the absence of an explanation, these facts justified the presumption that, the truck belonged to the Transfer Company, and further, that it was being operated in its interest (a presumption based upon a presumption), such presumptions were forbidden in view of the positive uncontradicted testimony of Mr. Word (introduced by plaintiff), to the effect that the truck was owned by Walkenshaw under the executory contract of sale, and was being operated by him in pursuit of his own personal affairs. Hudson v. Ernest Allen Motor Co., Tex.Civ.App., 115 S. W.2d 1167, and authorities cited; also Houston News Co. v. Shavers, Tex.Civ. App., 64 S.W.2d 384, 386. In the latter case, Judge Alexander speaking for the Waco Court, among other things, said (page 386): " * * * Evidence that the truck with which the injury was committed belonged to the news company and that it was being driven by one regularly in its employment, in the absence of evidence to the contrary, raised a presumption that such servant was engaged in the news company's business at the time of such collision. Studebaker Bros. Co. v. Kitts (Tex.Civ.App.) 152 S.W. 464. This, however, is a mere rule of procedure and. the presumption vanishes when positive evidence to the contrary is introduced. The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and compel him to disclose the true facts within his knowledge. When, however, he discloses the true facts within his possession and such evidence is positive to the effect that the servant was not engaged in the master's business at the time of the injury, the presumption is nullified and the burden is then

108

upon the plaintiff to produce other evidence or his cause fails. Bond v. St. Louis-San Francisco R. Co., 315 Mo. 987, 288 S.W. 777; Murphy v. Tumbrink (Mo. App.) 25 S.W.2d 133; Caswell v. Maplewood Garage, 84 N.H. 241, 149 A. 746, 73 A.L.R. 433 * * *."

 It is further insisted that the issue as to the ownership and operation of the truck, was raised by Walkenshaw's statements made in response to questions asked at the scene of the accident and soon after its occurrence, to the effect that he was working for the Transfer Company, and that the truck belonged to it. The record discloses that, testimony to the effect just mentioned, was admitted over objection by the Transfer Company, that it was hearsay and formed no part of the res gestae. The ownership of the truck and for whom operated, in our opinion, were facts disassociated from the transaction under investigation—that is, the collision of the vehicles—nor did they tend in the least to explain or illustrate how or why the collision occurred; hence being no part of the res gestae, but mere hearsay, should have been excluded. In Stokes Bros. v. Thornton, Tex.Civ.App., 91 S.W. 2d 756, the question involved was as to the admissibility of a statement of the driver of the truck, to the effect that "he was working for Stokes Bros. of Lampasas". Speaking for the court, Judge Martin said: "The quoted evidence was not, in our opinion, admissible under the record before us, for the reasons stated by Judge McClendon in the case of Webb-North Motor Co. v. Ross (Tex.Civ.App.) 42 S. W.2d 1086. See especially Wenell v. Shapiro, 194 Minn. 368, 260 N.W. 503, and numerous authorities therein cited. Agency may not be proven by the hearsay statements of the alleged agent. His employment was not a part of the collision. That transaction, speaking of itself spontaneously through him at the time, could not include any such unrelated statement. The reasons are more fully given in the cited cases."

 Although admitted over the objection of the Transfer Company, the evidence was without probative value, hence was not sufficient to either raise an issue or sustain a finding. In Shelton v. Thomas, 11 S.W.2d 254, Judge Gallagher of the Waco Court of Civil Appeals said (page 258): "The rule is well established that hearsay evidence, whether admitted over or without objection, is incompetent, without probative force, and will not support a finding of fact. Southern Surety Co. v. Nalle & Co. (Tex.Com.App.) 242 S. W. 197, 201, par. 4, and authorities there cited."

We do not think the court erred in directing the verdict and in rendering judgment in favor of the Transfer Company, therefore the judgment is affirmed.

Affirmed.