## CONTINENTAL CASUALTY CO. v. CRABB.

### No. 11280.

Court of Civil Appeals of Texas.
San Antonio.

April 7, 1943.

Rehearing Denied May 5, 1943.

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

MURRAY, Justice.

This is a workmen's compensation case under Title 130, Vernon's Ann.Civ.Stats. Opal Beene Crabb was seeking compensation for the accidental death of her husband, Cornelius W. Crabb. The employer was the J. C. Blacknall Company, and Continental Casualty Company was the workmen's compensation insurance carrier. Cornelius W. Crabb was injured in an automobile collision about 6 o'clock on the evening of December 13, 1941, and died three days later, on December 16th.

All issues in the case were disposed of by stipulation except the one issue of whether or not Cornelius W. Crabb was injured while engaged in the due course of his employment with the J. C. Blacknall Company. This one issue was submitted to the jury and answered in the affirmative and, accordingly, judgment rendered in favor of Mrs. Crabb in the total sum of $6,420. From this judgment Continental Casualty Company has prosecuted this appeal.

Appellant contends that the trial court committed reversible error in admitting, over its objection, certain testimony of Mrs. Crabb wherein she stated that when Mr. John Conoly came to the hospital, about 9 p. m. on the day of the collision, her husband stated to Conoly that "he (Crabb) was on his way off the demonstration to deliver the car to him (Conoly)" at the time the collision occurred. This testimony was admitted as res gestae. We have concluded that the statement was improperly received in evidence.

Cornelius W. Crabb was an automobile salesman for the J. C. Blacknall Company. The automobile he was driving at the time belonged to the company and was what is called a demonstrator. It was his duty to locate people who were prospects and demonstrate the automobile to them and sell them if possible. On the day of the collision he met Mrs. Crites on the streets of Corpus Christi and offered to give her a ride home, as he had information that Mrs. Crites' car had been in a collision and was

at that time in a garage for repairs. Mrs. Crites had a son about seventeen years of age who was giving her some trouble, he had had two automobile collisions within two months. He was threatening to leave home and join the Army. Mr. Crabb had persuaded the son not to join the Army but to stay at home and finish his school year. Mrs. Crites mentioned again the trouble she was having with her son, so the two decided to take a drive down the shell road and talk over the problem she was having with her son. They left after 5 o'clock and while returning from this trip the collision occurred in which Crabb received his fatal injuries. Mrs. Crites testified that during the ride on the shell road Crabb did not attempt to sell her an automobile. He did not even tell her that the automobile in which she was riding was a demonstrator—the entire conversation was concerning her son. The question of whether or not Crabb during this trip was in the course of his employer's business was a very close question.

It is not contended that Crabb was unconscious from the time of the collision until he made the statement attributed to him, but only that he was suffering from great shock. The statement is more in the nature of an explanation to John Conoly as so why he did not get back to the place of business in time to deliver to him the automobile Crabb had sold him that day, than it was any exclamation with reference to the collision. The material part of the statement, that is, that "he was coming in off a demonstration," has nothing to do with the actual facts of the collision. It has more to do with Crabb's purpose in taking the drive. It did not in any way explain how the collision occurred or who was in fault. It would seem that if the statement was a spontaneous exclamation concerning the collision it would have been as to whether any one was driving too fast or failing to keep a proper lookout, or driving on the wrong side of the road, rather than stating the purpose of the trip from which he was returning at the time of the collision.

In view of the fact that this statement was made three hours after the collision and related rather to the purpose for which he was making the trip than to the collision itself, and further because he was making an explanation to John Conoly as to how it happened he was not present at the time his new automobile was delivered to him,

it was not res gestae of the collision and should have been excluded. Especially is this true in the light of the fact that all issues but one had been settled by stipulation. The only issue remaining was the issue of "due course of employment" of the agent. Lumbermen's Reciprocal Association v. Adcock, Tex.Civ.App., 244 S.W. 645; Texas & P. Railway Co. v. Barron, 78 Tex. 421, 423, 14 S.W. 698; Webb-North Motor Co. v. Ross, Tex.Civ.App., 42 S.W. 2d 1086.

Inasmuch as there must be another trial of this case, we refrain from a discussion of the sufficiency of the evidence other than to say that we think it was sufficient to raise a fact issue for the jury.

The judgment will be reversed and the cause remanded.