BAKER & TAYLOR DRILLING COMPANY, Appellant,

v.

HEMPHILL COUNTY, Texas, Appellee.

No. 7321.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 3, 1964.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

J. D. Crow, Canadain, for appellee.

CHAPMAN, Justice.

This is a venue case.

The parties will be referred to as in the court below.

Plaintiff, Hemphill County, Texas, sued Baker-Taylor Drilling Company for damages to one of its bridges alleged to have been caused by defendant while moving an oil field rig over the bridge. A plea of privilege was filed by defendant to be sued in Potter County, the county of its residence. Plaintiff controverted, seeking to sustain venue in Hemphill County under Section 9a of Article 1995, Vernon's Ann. Tex.Civ.St. The trial court, after hearing the testimony of one witness, County Commissioner Edward Detrixhe, overruled the plea of privilege. Appeal is perfected from that .ruling.

The testimony shows Mr. Detrixhe lives about a mile from the broken bridge and saw some oil field trucks on the road both north and south of the bridge a day or so before he found the damaged bridge. He did not see any of them cross the bridge. On the day he saw them on the road he was working in a field three miles south of the bridge. Though he refers to the trucks in his testimony as Baker-Taylor trucks, no-

where does he give the source of his information by testifying he saw the name, "Baker-Taylor" on them or how he could possibly have arrived at the conclusion they were Baker-Taylor trucks except from hearsay.

He testified that two or three days after he found the damaged bridge he went to check to see who the tool pusher was for Baker-Taylor Drilling Company:

"Q.  All right.  Now, this tool pusher; what was his name?

"A.  After I found him and found out who it was and all, his name was Dick Harris.

"Q.  Where was he from?

"A.  I believe he lives in Perryton.

"Q.  And did you talk to him?

·"A.  Yes sir.  I contacted him in Higgins one afternoon.  I looked him up.

"Q.  Do you know, whether or not, he was in fact the tool pusher of Baker and Taylor?

"A.  Well, he acknowledged.  I suppose that he was.  As far as I know, he certainly was the tool pusher."

This testimony was objected to as founded on hearsay and the court was asked to strike it.  The court then took the witness as follows:

"THE COURT: Eddie was that—this when you asked him if he was a tool pusher?  Did you ask him that?

"A.  Yes sir.  Because I was wondering; I didn't know the man.  I ask him if he was Baker and Taylor's tool pusher for this particular rig.  He said, 'Yes, he was.'

"THE COURT: He was the man and then, after he said that he was the man, then, you had no alternative other than

to take his word.  Did you assume the responsibility as such?

"A.  He told me he was the pusher of the rig.

"THE COURT: I believe that is sufficient evidence."

Again the objection was made that the question calls for hearsay and that the answer evidences that it is based on hearsay.  The court overruled the objection with the statement that " * * * no reason why to go farther to find more evidence."

The witness then related further conversation with the person whom he said told him he was the tool pusher in which he said: " * * * well, there is no use of me and you fussing.  We have got insurance to take care of that.  * * * There is no doubt in my mind about whether we smashed it."

Section 9a of Article 1995 upon which plaintiff seeks to sustain venue reads in part as follows:

"The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1.  That an act or omission of negligence occurred in the county where suit was filed.

"2.  That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3.  That such negligence was a proximate cause of plaintiff's injuries."

■  Thus, it was encumbent upon plaintiff to prove by evidence of probative value that the negligent act of injuring the bridge was that of defendant, Baker-Taylor Drilling Company, or that of its servant, agent, or representative acting within the scope

of his employment and that such act was a proximate cause of the injuries to the bridge. This much is required by Section 9a just quoted.

■ Even if we take at face value that the man Mr. Detrixhe talked to was Dick Harris and that "he was the tool pusher" there was no probative evidence in this record that a Baker-Taylor Drilling Company truck injured the bridge. Mr. Detrixhe testified it had not been broken by about six o'clock on the day he saw some oil field trucks on the road if he came over the road on the way home that day, and that if he did not go home that way he did not see it until the next morning. When asked by counsel if he knew whether or not the man he talked to " * * * was in fact the tool pusher of Baker and Taylor," he answered: "Well, he acknowledged. I suppose that he was. As far as I know, he certainly was the tool pusher."

■ Such testimony is hearsay if it constitutes any testimony [1] and in such form should have been rejected under the objections made. The general rule is that the fact of agency cannot be proved by the declarations of an alleged agent.[2] There are well-known exceptions to this rule, as where there is independent admissible probative evidence to show prima facie that the declarant is the agent of the one sought to be held responsible [3] or where such declarations or statements constitute a part of the res gestae. McAfee v. Travis Gas Corporation, supra. Neither of those conditions are present here. Additionally, there is not any probative evidence that Baker-Taylor Drilling Company trucks damaged the bridge. On a public road cattle trucks or grain trucks may have been over the bridge and injured it or other heavy trucks may have done so.

■ Mr. Detrixhe testified that about thirty days after the injury to the bridge a man whose name he could not remember came to see him and told him he was an insurance adjustor representing Baker and Taylor and offered him a settlement. This evidence certainly could not be said to constitute prima facie proof upon which other hearsay testimony could be based to show the defendant's truck or trucks damaged the bridge and consequently were responsible for the resulting damages.

■ A person's right to be sued in the county of his residence is a valuable right and should never be abridged except by clear and convincing proof that the cause of action comes under some exception to the rule enunciated under the exception claimed. Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W.2d 897 (N. W.H.).

■ The general rule of venue is that a defendant shall be sued in his own county, and as many and important as are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969.

An affirmance of this case would have to be based on conjecture which we do not feel justified in doing.

■ It is obvious this venue question has not been fully developed. Under such circumstances it may be reversed and remanded instead of reversed and rendered,[4] and it is accordingly so ordered.

---

1. Webb-North Motor Co. v. Ross, Tex.Civ. App., 42 S.W.2d 1086 (writ dismissed).

2. Webb-North Motor Co. v. Ross, supra; Lewis v. J. P. Word Transfer Co., Tex. Civ.App., 119 S.W.2d 106 (writ refused); Stokes Bros. v. Thornton, Tex.Civ.App., 91 S.W.2d 756 (N.W.H.)

3. McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442; Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54.

4. Stokes Bros. v. Thornton, supra; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.