Willmon MARSHALL, Appellant,

v.

J. WEINGARTEN et al., Appellees.

No. 4069.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1966.

Paul P. Regnier, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, W. N. Arnold, Jr., Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., and Raybourne Thompson, Jr., Houston, for appellees.

COLLINGS, Justice.

Willmon Marshall brought suit against Ora L. Smith, Bernard L. Weingarten and J. Weingarten, Inc. Plaintiff sought to recover damages for personal injuries alleged to have been sustained on or about July 23, 1962, as a result of being struck by an automobile owned by defendant, J. Weingarten, Inc. and operated by Ora L. Smith. A severance was granted as to the cause

of action alleged against Ora L. Smith. Bernard Weingarten and J. Weingarten, Inc. filed motions for summary judgment which were granted. Willmon Marshall has appealed.

Marshall urges points contending that the court erred in finding that there was no issue of fact upon which liability of J. Weingarten, Inc. and Bernard Weingarten can be based; erred in ruling that statements made by Ora L. Smith to police officer, J. B. Calloway, were hearsay and inadmissible and erred in applying to the said statements tests applicable to principal and agent, instead of the test applicable to master and servant and to bailor and bailee.

Appellant contends that the following fact questions are presented by the pleadings and evidence:

1. Was Ora L. Smith, the operator of the automobile at the time of the accident, engaged in her own personal affairs or in the service of her employer, Bernard L. Weingarten?

2. Was the said Ora L. Smith at the time of the accident acting in the course of her employment and in the scope of her authority, and

3. Did J. Weingarten, Inc., the owner of the automobile and Bernard Weingarten, the employer of Ora L. Smith, know, or should they have known, that the brakes of the automobile were defective prior to the accident and during the trip upon which the accident occurred?

The motions for summary judgment were based upon the pleadings of the parties and depositions introduced in evidence. Appellant, Marshall, alleged that Ora L. Smith, while in the scope of her employment with appellees Bernard Weingarten and J. Weingarten, Inc., negligently drove the automobile in question over him; that the automobile was owned by either Bernard Weingarten or J. Weingarten, Inc.; that the brakes on the automobile were defective and that either or both of appellees knew or should have known of the defective brakes and they were negligent in entrusting the vehicle to said Ora L. Smith.

J. Weingarten, Inc. denied generally all the allegations in appellees' petition. Bernard Weingarten specially denied that at the time of the accident Ora L. Smith was acting in the course of her employment with him and denied that she was engaged in any business or undertaking for said Bernard Weingarten; that, to the contrary, Ora L. Smith was at the time engaged in a purely personal mission of her own. In the motion for summary judgment by J. Weingarten, Inc. it is asserted that the undisputed evidence, as set out in the depositions introduced, shows, as a matter of law, that Ora L. Smith was not at the time of the accident, nor at any time, employed by J. Weingarten, Inc., and was not acting within the scope of her employment for either J. Weingarten, Inc. or Bernard Weingarten. In the motion for summary judgment of Bernard Weingarten it is asserted that the undisputed testimony as set out in the depositions introduced in evidence shows, as a matter of law, that Ora L. Smith was not at the time of the accident acting within the scope and course of her employment as an employee of Bernard Weingarten but that, on the contrary, she was on a purely personal mission of her own and was not performing any act for appellee, Bernard Weingarten.

The evidence is uncontradicted that Ora L. Smith was driving an automobile owned by J. Weingarten, Inc. The vehicle had been assigned as a company vehicle to Bernard Weingarten and was ordinarily used by him six days each week on company business. Bernard Weingarten owned an automobile which he and his wife used for family purposes, but did at times use the company car on family matters. Ora L. Smith, the driver of the automobile at the time of the accident was employed by appellee Bernard Weingarten as a cook or maid. She had a valid driver's license. She lived on the family premises and part of her duties were to look after the children of Mr. and Mrs. Weingarten. On the

occasion of the accident Bernard Weingarten, his wife and his older children, were out of the city on a vacation trip. He had left the company automobile at his home for the use of Ora L. Smith who was a servant of the family. Miss Smith had been given instructions concerning the use of the Weingarten family vehicles. These instructions provided for the use of such vehicles for the Weingarten family business when specific consent of a member of the family was obtained to use the vehicle. Ora L. Smith had been instructed that while Mr. and Mrs. Weingarten were away from home the automobile in question was to be used for taking care of the needs of the Weingarten baby who was left at home, and the house. The deposition of Bernard Weingarten indicated that Miss Smith was not specifically given nor denied the use of the automobile for purely personal business. The testimony of Ora L. Smith was to the effect that on the occasion in question she was on business of a purely personal nature; that she was en route to see her doctor.

Appellant's contention that there are fact issues upon which the liability of J. Weingarten, Inc. can be based is not tenable and is overruled. There is no evidence tending to show that Ora L. Smith at the time of the accident was an employee of or acting within the scope of her employment with J. Weingarten, Inc. Appellant's contention concerning the liability of appellee J. Weingarten, Inc. is that such appellee, who was the owner of the automobile, knew or should have known that the brakes on the vehicle were defective prior to the accident. There was some evidence tending to show a failure of the brakes but there was no evidence of any previous defects in the brakes or knowledge of the defective brakes by Ora L. Smith or either of appellees. The only evidence of any knowledge of defective brakes was the knowledge of Ora L. Smith at the time of and immediately prior to the accident. She testified that she had used the brakes several times on her trip to see her doctor

which was, according to her testimony, the purpose of her use of the automobile on the occasion in question, and that the brakes at such times worked perfectly. Bernard Weingarten testified that he never had any difficulty with the brakes on the automobile; that the brakes were in good working order the last time he used the vehicle prior to the accident and that he had used it for a period of four or five months after the accident without any trouble with the brakes. Bernard Weingarten also testified that he had had the brakes inspected after the accident and found them to be in good working order and that nothing was wrong with them. The defects in the brakes, if any, were not shown to have been known of by either of the appellees prior to the accident nor was there any showing of defects which should have been discovered by either of appellees in the exercise of ordinary care. Under the circumstances there was no liability on the part of appellee, J. Weingarten, Inc. Alexander v. Cheek, 241 S.W.2d 950, (Ct.Civ.Apps.1951, n. r. e.) and cases cited. There was no evidence of negligent entrustment on the part of either J. Weingarten, Inc. or Bernard Weingarten.

Ora L. Smith testified by deposition that on the day of the accident she had not been feeling well and had used the automobile to go see her physician; that because of construction work in the streets she made a detour; that appellant, Marshall, who was employed by a contractor, and several other laborers were sitting with their backs to a building located on the lot where Ora L. Smith was making the detour, and that, in attempting to make the turn, Ora L. Smith ran over appellee and injured him. She testified that at the time she was on a purely personal mission and that she was not performing any task for the Weingarten family.

Appellant sought to introduce in evidence the testimony of J. B. Calloway, an ex-traffic officer of the City of Houston. Calloway testified by deposition that he received a call in connection with the acci-

dent at about 12:20 p. m. and reached the scene of the accident at about 12:32; that he discussed the accident with Ora L. Smith and made his customary investigation; that in the course of the conversation Ora L. Smith stated that her brakes had gone out on the automobile; that as she made a right turn into the lot and was pulling up toward the building she attempted to stop but her brakes failed to work and she struck a pedestrian who was sitting along side the building. Calloway further testified that he asked Ora L. Smith what she was doing with the automobile and how she was employed by the Weingartens; that she stated she was a maid for them and had come to the business establishment where she had stopped to purchase some kind of commodity for them.

■■ Appellant contends by his second point that the court erred in ruling that the statements made by Ora L. Smith to the officer, J. B. Calloway, were hearsay and inadmissible. He contends that such testimony by the officer was admissible and shows that Ora L. Smith was at the time of the accident acting in the furtherance of the business of her employer, Bernard L. Weingarten. We overrule the point. The general rule is that evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth thereof is inadmissible as hearsay. The statements here under consideration do not come under any of the exceptions to the hearsay rule. The purported statements by Ora L. Smith to the officer were made after the accident. Although they were made soon after the accident they did not relate to, explain or shed any light upon the accident, itself, or the cause of the accident. They related only to employment or course of employment. The declarations were not admissible as res gestae and the court did not err in so holding. American General Insurance Company v. Coleman, 157 Tex. 377, 303 S.W.2d 370, 373, (1957); Lewis v. J. P. Word Transfer Co., (Tex.Civ.App.), 119 S.W.2d 106, 108, writ refused; Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, 769; Stokes Bros. v. Thornton, (Tex.Civ.App.), 91 S.W.2d 756, 757; Continental Casualty Co. v. Crabb (Tex.Civ.App.), 170 S.W.2d 794, writ refused, want of merit; Alfano v. International Harvester Co. (Tex.Civ. App.), 121 S.W.2d 466, 469, writ dismissed. In Webb-North Motor Company v. Ross, 42 S.W.2d 1086 (Tex.Civ.App.1931, writ dismissed), which was cited in American General Insurance Company v. Coleman, supra, it is stated as follows:

"Neither agency, the authority of the agent, nor the fact that he was acting within the scope of his employment can be proved by the declarations of the agent. Nor are such declarations admissible as primary evidence of the facts they detail."

In Gulf, C. & S. F. Ry. Co. v. York, 74 Tex. 364, 12 S.W. 68, 70, it is stated as follows:

"There can be no doubt, we think, that the objections to all of this testimony should have been sustained. It certainly did not constitute a part of the res gestae, tested by the most liberal construction applied to that character of evidence. It was not descriptive or illustrative of the particular way in which the collision occurred. It was not admissible because made by an agent in such manner as would bind his principal."

Appellant's points are overruled.

The judgment is affirmed.