JOHN PESIO v. MARION SHERMAN AND
ANOTHER.
PORKY'S DRIVE-IN, INC., RESPONDENT.

172 N. W. (2d) 748.

December 5, 1969—No. 41686.

*Sheldon J. Eviden* and *Stephen M. Goldfarb,* for appellant.
*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and
*M. J. Coyne,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske,
and Sheran, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court dismissing a claim
for liability asserted by plaintiff.

At approximately 1 a. m. on May 6, 1964, Marion Sherman,
while driving her own automobile, collided with John Pesio, a
pedestrian, at the intersection of 31st Avenue South and East
Lake Street in Minneapolis, Minnesota. An action for the per-
sonal injuries sustained was instituted against Marion Sherman

on the theory that her negligence caused the collision and against Porky's Drive-In, Inc., a Minnesota corporation, on the theory that Marion Sherman was acting as its employee or agent at the time and place of the accident.

Plaintiff, in support of his burden of proof that Marion Sherman was an agent of Porky's Drive-In, Inc., at the time and place of the accident,[1] called her for cross-examination under the rules. He established that she was employed as a manager of a drive-in restaurant owned and operated by Porky's Drive-In, Inc., located on University Avenue in St. Paul. She finished work there shortly before 1 a. m. on the date of the accident and left, intending to go to another Porky's restaurant located at 2107 East Lake Street in Minneapolis. En route, the accident occurred.

Marion Sherman testified that her purpose in going to the Lake Street restaurant was personal, i. e., to meet a girl friend who worked there. Her attention was then directed to a series of questions put to her in the course of a pretrial deposition in response to which she had said, in effect, that her purpose in going to the Lake Street drive-in was to engage in general conversation with Arlen Olson, its manager, encompassing matters relating to the business operations of the drive-ins. The anticipated conversation, had it occurred, would have been of a social nature but pertinent to employment problems shared by the participants. Conceivably, an indirect benefit to the employer results from such conversations. No other evidence was produced to show that at the time of the accident Marion Sherman was acting as an agent for or employee of Porky's Drive-In, Inc. The trial court granted the latter defendant's motion for a dismissal, and plaintiff appeals.

The issue on appeal is whether the evidence considered in the light most favorable to the plaintiff created a fact question for jury determination on the issue of employment or agency

---

[1] Frank Sullivan Co. v. Midwest Sheet Metal Works (8 Cir.) 335 F. (2d) 33. This opinion summarizes Minnesota law on agency.

between Marion Sherman and Porky's Drive-In, Inc., at the time and place of the accident. We hold that it did not.

For purposes of analysis only, we assume that the cross-examination of Marion Sherman was adequate to establish substantively that a purpose of the trip during which the accident occurred was to discuss matters relating to restaurant operations with Olson, had Marion Sherman found him at the Lake Street drive-in when she arrived. We do not believe that this evidence considered in the context of the admitted facts would have been sufficient to create a fact question for the jury's determination with respect to the claimed relationship of employer and employee or principal and agent at the time and place of the accident. There is a complete lack of evidence to show that the alleged principal expressly or implicitly authorized or approved or ratified any such action on his behalf.[2] There is no showing whatever that Marion Sherman had on this or any prior occasion used her personally owned automobile after regular business hours at the request of the alleged principal[3] or that the alleged principal, with actual or constructive knowledge of the facts, had by affirmative action or silent acquiescence authorized or approved her doing so.

It is of course true that the testimonial assertion of an employee that at the time and place of the accident he was using a motor vehicle for his own purpose is not binding on the trier of facts. See, Shotts v. Standard Oil Co. 181 Minn. 386, 232 N. W. 712. But this rule does not come into play unless there is evidence which, in the absence of the employee's assertion, would be adequate to show in a case such as this that the automobile involved was being used with the express or implied authority of the employer. It is also true that a master is responsible for

---

[2] Restatement, Agency (2d) § 212, comment *f*.

[3] On occasion, in emergency situations she had used her car to deliver pies from the Lake Street drive-in to the University Avenue drive-in before going on duty. No such purpose was even remotely related to the trip which resulted in the accident.

the torts of his servant done in the scope of his authority with a view to the furtherance of the master's business, even though such acts may have been done negligently in excess of his authority. Penas v. Chicago, M. & St. P. Ry. Co. 112 Minn. 203, 127 N. W. 926, 30 L.R.A. (N.S.) 627. But in this case there is no showing that the trip in which Marion Sherman was engaged at the time and place of the accident was within the scope of her authority, express or implied. The references by plaintiff to Boland v. Morrill, 270 Minn. 86, 132 N. W. (2d) 711; Seavey, Law of Agency, § 87; and Prosser, Torts (2 ed.) § 63, do not support his claim that conduct by an agent acting in part by a motivation to serve his principal makes the principal, even though he has not authorized the conduct, responsible for the torts of the agent while engaged in conduct so motivated. It must also be established that the conduct motivated by a desire to advance the interest of the principal was authorized for this purpose expressly or implicitly by the party sought to be vicariously charged with liability. Frank Sullivan Co. v. Midwest Sheet Metal Works (8 Cir.) 335 F. (2d) 33, 40.

The recent case of Boland v. Morrill, *supra,* involved the question of whether a trip made by an employee in his own automobile, not within the knowledge or specific authorization of the employer but undertaken at least in part for the benefit of the employer, was beyond the scope of his employment as a matter of law. We held that it was not, and found sufficient evidence from which the jury could infer that the employee's trip was within the scope of his employment. That case is distinguishable from this, however, since in Boland the employee was a traveling salesman with general authority to make whatever trips would be necessary or beneficial to his sales and deliveries. By contrast, the employee in this case was assigned to a specific work shift, and her duties were all to be performed at the drive-in restaurant. Thus, the Boland case, which we regarded as a borderline case, would not apply to these facts, and this employ-

ment relationship is not broad enough to include the trip here in question.

There being no evidence in this record to show that the employer ever knew or had reason to know that an after-hours trip of the kind here involved was to be made in an alleged effort to further its interests, or to show that any emergency existed, the evidence presented could not possibly sustain a finding of an agency relationship as between Marion Sherman and Porky's Drive-In, Inc., at the time of the accident. The trial judge was clearly right in directing a dismissal as to Porky's Drive-In, Inc.

Affirmed.